Submitted on petitioner's petition for reconsideration filed July 21, 1992, reconsideration allowed; decision (113 Or App 474, 832 P2d 1278 (1992)) withdrawn; affirmed in part; reversed in part March 17, reconsideration denied July 7, petition for review allowed July 27, 1993 (317 Or 271)

## DON SEVERY,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A67293 (Control), A67001)

848 P2d 1214

Sally L. Avera, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem, for the petition.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Petitioner sought review of an order of the Board of Parole that sustained an earlier Board order upholding the trial court's imposition of consecutive sentences. We affirmed without opinion. 113 Or App 474, 832 P2d 1278 (1992). Petitioner filed a petition for review, which we treat as a petition for reconsideration. ORAP 9.15. We allow reconsideration, withdraw our decision, and affirm in part and reverse in part.

In July, 1985, petitioner was convicted of one count of first degree arson, ORS 164.325, and two counts of aggravated murder. ORS 163.095(1). He was sentenced to 20 years, with a minimum of 10 years, on the arson conviction and to two life terms, each with a mandatory minimum of 30 years, on the aggravated murder convictions. ORS 163.105(1).[1] The trial court ordered the terms to be served consecutively.

At petitioner's prison term hearing in October, 1985, the Board sustained the minimum sentences totalling 70 years, and set an initial parole release date of October, 2054. In August, 1988, petitioner filed for administrative review of the Board's order, asserting that the Board should have "unsummed" the consecutive sentences. The Board granted the request for review.

The hearing was held in September, 1990. The Board voted not to unsum the arson sentence and decided that it did not have authority to unsum the mandatory minimum sentences for aggravated murder. In addition, the Board revoked petitioner's parole *release* date and set a parole *review* date 60 years from the date that the sentences were imposed. The Board also informed petitioner that he could petition for a rehabilitation hearing 40 years from the date the sentences were imposed.

Petitioner contends that the Board was wrong in its assertion that it lacked authority to unsum the aggravated murder sentences. He argues that the Board had authority to unsum the sentences under *former* OAR 255-35-022(4).[2]

---

[1] ORS 163.105 has since been amended. Or Laws 1985, ch 3, § 1; Or Laws 1987, ch 803, § 20; Or Laws 1989, ch 720, § 1; Or Laws 1991, ch 126, § 8.

[2] *Former* OAR 255-35-022(4) provided:

To determine the merits of petitioner's claim, it is necessary to review the procedure employed by the Board in setting a prison term. The 1990 order of which petitioner seeks review considered the propriety of the Board's action taken at his prison term hearing in 1985. Consequently, we look to the statutes and administrative rules as they existed in 1985 in assessing the correctness of the 1990 order.

*Former* OAR 255-30-005(1)[3] required the Board to conduct a prison term hearing for a new prisoner within six months of admission to the correctional facility. At the prison term hearing, the Board established the prison term by setting the prisoner's "initial parole release date." *Former* OAR 255-30-005(2).[4] The initial parole release date was defined as "[a] fixed date, by month, day and year, assigned to a prisoner for parole release *based on the guideline range*" of the crime. (Emphasis supplied.) "Guideline ranges" were "ranges of months to be served as a prison term before parole release" and were based on the seriousness of the crime and the prisoner's history/risk score. *Former* OAR 255-35-005(3).[5]

When a prisoner was convicted of more than one crime and sentenced to consecutive terms of imprisonment, the Board set the prison term and, thus, the initial parole release date, by summing the guideline ranges of each crime. *Former* ORS 144.785(2);[6] *former* OAR 255-35-

---

"The Board may, by four (4) concurring votes, choose to unsum one (1) or all of the [guideline] ranges. Once unsummed, the Board will treat one or more consecutive sentences as concurrent sentences."

That section has since been amended and renumbered as OAR 255-35-022(2).

[3] That section has since been amended and renumbered as OAR 255-30-010.

[4] That section has since been amended and renumbered as OAR 255-05-005(33).

[5] That section has since been amended and renumbered as OAR 255-05-005(23).

[6] *Former* ORS 144.785(2) provided, in relevant part:

"When a prisoner is sentenced to two or more consecutive terms of imprisonment, the duration of the term of imprisonment shall be the sum of the terms set by the board *pursuant to the [guideline] ranges* established for the offenses * * *." (Emphasis supplied.)

That section has since been renumbered as ORS 144.783(1). Or Laws 1987, ch 634, § 3.

022(1)-(3);[7] *former* OAR 255-35-005(11).[8] The Board could, however, vote to "unsum" the guideline ranges, which had the effect of treating the ranges as concurrent. *Former* ORS 144.785(2);[9] *former* OAR 255-35-022(4).

When a prisoner was convicted of aggravated murder, the procedure employed by the Board in setting the prison term differed somewhat from that described above. ORS 144.110(2)(b), which remains unchanged since 1985, provides:

"The [Board of Parole] *shall not release a prisoner on parole* who has been convicted of aggravated murder under the provisions of ORS 163.095, *except as provided in ORS 163.105.*" (Emphasis supplied.)

The version of ORS 163.105 under which petitioner was sentenced provided, in relevant part:

"(1)   When a defendant is convicted of murder defined as aggravated murder pursuant to ORS 163.095, the court shall order that defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.[10]

"* * * * *

"(3)   *At any time after 20 years from the date of imposition of a minimum period of confinement * * * the State Board of Parole,* upon petition of a prisoner so confined, *shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time.* The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. * * *

---

[7] Those sections have since been amended and renumbered as OAR 255-35-021(1)-(3).

[8] That section has since been amended and renumbered as OAR 255-05-005(43).

[9] *Former* ORS 144.785(2) provided, in relevant part:

"[T]he duration of imprisonment may be less than the sum of the ranges if the board finds, by affirmative vote of at least four of its members, that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are necessary to protect the community security."

[10] OAR 255-32-010(1), which has remained unchanged since 1985, provides:

"(1)   The minimum period of confinement for a person convicted of Aggravated Murder as defined by ORS 163.105(1) shall be thirty (30) years."

"(4) If, upon hearing all the evidence, the board finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to * * * work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to * * * work release. Otherwise, the board shall deny the relief sought in the petition." (Emphasis supplied.)

*See also* OAR 255-32-015 to OAR 255-32-035.[11]

ORS 144.110(2)(b) and ORS 163.105(3), read together, precluded the Board from setting a parole release date for a prisoner convicted of aggravated murder until the prisoner was first found to be capable of rehabilitation. That finding, however, could not be made until the Board conducted the rehabilitation hearing. Consequently, the Board erred in 1985 when it set petitioner's initial parole release date at his prison term hearing, and it properly revoked that portion of its previous order and set petitioner's review date in the 1990 administrative review hearing.[12]

■　　We also conclude that the Board was correct that it lacked authority to unsum petitioner's aggravated murder minimums at his prison term hearing. The Board does not unsum *sentences*; rather, it unsums the *guideline ranges* that it computes for the purpose of setting a prisoner's initial parole release date. *Former* ORS 144.785(2); *former* OAR 255-35-022(4). Here, however, the Board was merely setting petitioner's review date; indeed, because he had been convicted of aggravated murder, the Board was prohibited from setting a parole release date. Although the Board was required to calculate the guideline ranges for petitioner's aggravated murder convictions, *former* OAR 255-35-022(1), those ranges could not be used, and were not used, to establish an initial parole release date. Nor could the ranges be used in determining the review date or the minimum period

---

[11] OAR 255-32-025(2) now requires the Board to set the prisoner's initial parole release date at the rehabilitation hearing if it finds that the prisoner is capable of rehabilitation and that the terms of confinement should be modified.

[12] In 1989, OAR 255-32-005(1) was amended to provide:

"A person convicted of Aggravated Murder under ORS 163.095 shall receive a prison term hearing under the provisions of Division 30 of these rules. *A review date congruent with the minimum terms set forth in OAR 255-32-010 shall be set rather than a parole release date.*" (Emphasis supplied.)

of confinement.[13] Unsumming the *ranges*, therefore, would have been a futile and useless act. In effect, petitioner is inviting the Board to unsum the *sentences* imposed by the trial court and mandated by statute, and that is a task that it is not authorized to perform. The Board did not err in setting the review date at 60 years because petitioner's sentences are to run consecutively.

■     The Board did err, however, in holding that petitioner could petition for a rehabilitation hearing 40 years from the date that the sentences were imposed instead of the 20-year period specified in ORS 163.105(3). The Board reasoned that, because petitioner's *sentences* were to run consecutively, the time period for the rehabilitation hearing also had to run consecutively. However, the fact that petitioner will serve consecutive sentences has no bearing on the timing of the rehabilitation hearing. ORS 163.105(3) requires the Board to hold a rehabilitation hearing "at any time after *20 years* from the date of imposition of *a* minimum period of confinement" if the prisoner petitions for the hearing. (Emphasis supplied.) *See also* OAR 255-32-015. Petitioner's minimum sentences were imposed in July, 1985. *See Jamison v. Cupp*, 27 Or App 109, 555 P2d 475 (1976). He should be permitted to petition for a rehabilitation hearing at any time after July, 2005.

Petitioner's remaining assignments are without merit.

Reconsideration allowed; decision withdrawn; affirmed in part; reversed in part.

---

[13] The guideline range for each aggravated murder conviction was set at the prison term hearing at 120-168 months and adjusted downward at the administrative review hearing to 96-120 months. ORS 163.105(1) and OAR 255-32-010(1), however, require that petitioner be confined for a minimum of 360 months.