Argued and submitted November 2, decision of the Court of Appeals affirmed
December 23, 1993

DON SEVERY,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE,
*Respondent on Review.*

(CA A67293 (Control), A67001; SC S40232)

864 P2d 368

In Banc

Dan C. Maloney, Deputy Public Defender, Salem, argued the cause for petitioner on review. The petition was filed by Sally L. Avera, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

■    The issue in this case is whether, under the law in effect in 1984, the Board of Parole had the authority to "unsum" consecutive sentences for aggravated murder, *i.e.*, treat the sentences as concurrent rather than consecutive, in setting a parole review date. The Board concluded that it did not have such authority, and the Court of Appeals agreed. *Severy v. Board of Parole*, 118 Or App 585, 848 P2d 1214 (1993). We also agree and affirm the decision of the Court of Appeals.

In July 1985, petitioner was convicted of two counts of aggravated murder, ORS 163.095(1),[1] and one count of arson in the first degree, ORS 164.325, based on a single criminal episode that occurred in 1984. On each of the aggravated murder convictions, the trial court sentenced petitioner to an indeterminate life sentence, with a minimum of 30 years' imprisonment pursuant to ORS 163.105(1) (1983).[2] On the arson conviction, the court imposed an indeterminate sentence of 20 years, with a minimum of 10 years' imprisonment pursuant to ORS 144.110(1).[3] The court further ordered that the three sentences be served consecutively.

At a prison term hearing in December 1985, the Board of Parole determined that the applicable range of sentence for petitioner's crimes was 270 to 376 months. However, the Board voted to sustain the consecutive minimums, which totaled 70 years. Accordingly, the Board set an initial parole release date for October 2054.

In 1988, petitioner sought administrative review, contending that the Board should have "unsummed" — that is, treated as concurrent — the consecutive sentences. The Board denied relief, noting that its earlier action was "supported by written findings consistent with rules or policies." The Board also noted that the request for administrative review was not timely, because it was made nearly three years after the Board action.

---

[1] Unless otherwise noted, all references to statutes and administrative rules are to the statutes and rules in effect in 1984, when petitioner's crimes occurred.

[2] For the text of ORS 163.105(1), see *infra*, 318 Or at 177.

[3] ORS 144.110(1) provided: "In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

Sometime after 1988, the Board received advice from the Attorney General that the Board did not have the authority to set a parole release date for a prisoner sentenced for aggravated murder until the Board determined, pursuant to ORS 163.105, that the prisoner was capable of rehabilitation.[4] For a prisoner convicted of aggravated murder under ORS 163.095(1), the Board could not make such a determination until at least 20 years after imposition of the 30-year minimum. *See infra*, 318 Or at 177. Accordingly, in 1990, the Board held an administrative review hearing to rescind petitioner's parole release date and to set, instead, a parole *review* date — that is, a date for a future hearing at which the Board could set a release date.

Before the administrative review hearing, petitioner submitted a memorandum asking the Board to "override the consecutive nature of his sentences and run the sentences concurrently." At the hearing, the Board informed petitioner that it did not have the authority to "unsum" consecutive minimums imposed for aggravated murder. Accordingly, the Board set a parole review date for October 2044, at the expiration of petitioner's two consecutive 30-year minimums. The Board informed petitioner that he could petition for a rehabilitation hearing under ORS 163.105 at any time after 40 years from the imposition of his sentences.[5]

Petitioner sought review in the Court of Appeals, arguing, among other things, that the Board had misunderstood its authority to "unsum" consecutive sentences for aggravated murder. Initially, the Court of Appeals affirmed without opinion. *Severy v. Board of Parole*, 113 Or App 474, 832 P2d 1278 (1992). On reconsideration, the court issued an opinion reversing in part and affirming in part the Board's order. *Severy v. Board of Parole, supra*, 118 Or App at 591. In its opinion, the Court of Appeals concluded that petitioner was entitled to petition for a rehabilitation hearing at any time after *20* years, rather than 40 years, from the imposition of his sentences. *Ibid.* The court also concluded, however, that "the Board was correct that it lacked the authority to

---

[4] For the relevant text of ORS 163.105, see *infra*, 318 Or at 177.

[5] Additionally, the Board recalculated the applicable range of sentence for petitioner's offenses as 222 to 280 months and made findings in aggravation and mitigation.

unsum petitioner's aggravated murder minimums at his prison term hearing." *Id.* at 590. We allowed review to address the latter issue.[6]

Under the "matrix" system that was in effect at the time that petitioner committed his crimes, the Board of Parole determined the duration of a prisoner's imprisonment by choosing a term of imprisonment from a "range" established for the offense by administrative rule, subject to variations for aggravating and mitigating circumstances. ORS 144.120(2), 144.780, 144.785(1); *Harris v. Board of Parole,* 288 Or 495, 503, 605 P2d 1181 (1980). The Board's authority for dealing with consecutive sentences, including the Board's authority to "unsum" such sentences, was set out in ORS 144.785(2):

> "When a prisoner is sentenced to two or more consecutive terms of imprisonment, the duration of the term of imprisonment shall be the sum of the terms set by the board pursuant to the ranges established for the offenses, subject to variations established pursuant to subsection (1) of this section; provided, however, that *the duration of imprisonment may be less than the sum of the terms if the board finds, by an affirmative vote of at least four of its members, that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect the community security.*"

(Emphasis supplied.)

■ Petitioner argues that, because ORS 144.785(2) contained no exception for aggravated murder, that statute authorized the Board to "unsum" his consecutive sentences for aggravated murder in setting his parole review date.[7] For the reasons that follow, we disagree.

----

[6] The Board did not seek review of the Court of Appeals' decision regarding when petitioner is entitled to petition for a rehabilitation hearing, and we express no opinion on that matter.

[7] Petitioner also relies on OAR 255-35-022, which provided that, under certain circumstances, the Board could "by four concurring votes choose not to sum ranges established pursuant to OAR 255-35-025 for crime categories 5, 6 or 7." (Aggravated murder was classified in crime category 7.) It is unnecessary to address the administrative rule, however, because, as discussed below, we conclude that the relevant statutes did not confer authority on the Board to "unsum" petitioner's consecutive sentences for aggravated murder. The Board could not confer on itself, by enactment of an administrative rule, greater authority than that granted to the Board by the legislature.

■ In interpreting a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We begin by examining the text and context of the statutory provision at issue. *Ibid.* Context includes other provisions of the same statute and other related statutes. *Id.* at 611.

In this case, ORS 144.785(2) must be read with ORS 163.105, the statute governing sentences for aggravated murder. ORS 163.105 (1983) provided:

*"Notwithstanding the provisions of ORS chapter 144* [related to parole and work release], ORS 421.165 [related to temporary leave] and 421.450 to 421.490 [related to forest and work camps]:

"(1) *When a defendant is convicted of murder defined as aggravated murder* pursuant to ORS 163.095(1), the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"* * * * *

"(3) At any time after 20 years from the date of imposition of a minimum period of confinement pursuant to subsection (1) of this section, * * * the State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. * * *

"* * * * *

"(4) If, upon hearing all the evidence, the board finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release. Otherwise, the board shall deny the relief sought in the petition.

"(5) In the case of a prisoner sentenced pursuant to ORS 163.095 (1), the board may grant relief under subsection (4) of this section only upon a unanimous affirmative

vote of the entire board. * * *

"(6) Not less than two years after the denial of the relief sought in a petition under this section, the prisoner may petition again for a change in the terms of confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter."

(Emphasis supplied.)

The function of the "notwithstanding" clause that opened ORS 163.105 was to make the statute an exception to the provisions of law referenced in the clause. *See O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("notwithstanding" clause in first sentence of ORS 215.301 functioned to except remainder of sentence from other provisions of law referenced in clause). To the extent that there was any inconsistency between ORS 163.105 and ORS chapter 144 with regard to "unsumming" consecutive sentences for aggravated murder, ORS 163.105 controlled. More specifically, the provisions of ORS 163.105 controlled over the Board's authority, in other classes of cases, to "unsum" consecutive sentences pursuant to ORS 144.785(2).

Under ORS 144.785(2), the Board's authority to "unsum" consecutive sentences was to be exercised, if at all, in the following manner: First, the Board was to set a term of imprisonment for each offense pursuant to the range established for that offense and subject to whatever variations the Board chose to impose for aggravating or mitigating circumstances. After setting a term for each of the offenses, the Board could then set the duration of the prisoner's imprisonment at an amount less than the sum of those terms — thereby "unsumming" the terms set by the Board — only if the Board found, by appropriate vote, that "consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect the community security." If the Board failed to make such a finding, then the Board was required by ORS 144.785(2) to set the duration of the prisoner's imprisonment at the sum of the terms determined by the Board for the individual offenses.

As the foregoing reading of ORS 144.785(2) makes apparent, it is technically inaccurate to characterize the

power of the Board under ORS 144.785(2) as the power to "unsum" consecutive sentences. Under ORS 144.785(2), the Board was authorized, not to "unsum" *sentences*, but to "unsum" *terms of imprisonment set by the Board* pursuant to the ranges established for the offenses. That distinction is more than academic. In this case, the Board could not exercise its power to "unsum" terms of imprisonment under ORS 144.785(2) due to its inability, because of the "notwithstanding" provision in ORS 163.105, to perform the threshold act of setting the terms of imprisonment for petitioner's aggravated murder convictions.

The Board's only authority to alter a 30-year minimum imposed pursuant to ORS 163.105(1) was that authority set out in ORS 163.105(3) to (6). That is, on a petition filed by the prisoner at any time after 20 years from the date of the imposition of the minimum, the Board must hold a hearing to determine whether the prisoner is likely to be rehabilitated within a reasonable time. ORS 163.105(2). Only if the Board finds that the prisoner is capable of rehabilitation may the Board change the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release. ORS 163.105(4). Those provisions are a complete legislative policy. ORS 144.785(2) plays no role.

In this case, petitioner will not even be eligible to petition for a rehabilitation hearing until July 2005. Until then, under the law in effect in 1984, the Board has no authority to alter or override the 30-year minimums imposed on petitioner by the trial court pursuant to ORS 163.105(1).[8] Without such authority, the Board cannot set the terms of imprisonment, pursuant to the appropriate ranges, for the aggravated murder convictions. And, until the Board is able to *set* those terms, it cannot exercise its power to *"unsum"* those terms under ORS 144.285(2).

It follows that the Board was correct in concluding that, at the time that it set a parole review date for petitioner, it had no power to "unsum" terms of imprisonment under

___

[8] We express no opinion regarding the Board's authority to alter a minimum term of imprisonment imposed on an aggravated murder conviction once the Board has found that the prisoner is capable of rehabilitation. As noted, such a finding cannot be made in this case until at least July 2005; therefore, any opinion on that issue would be premature.

ORS 144.285(2). The Court of Appeals also was correct in affirming that conclusion.

The decision of the Court of Appeals is affirmed.