Argued and submitted October 6, affirmed November 15, 2006,
petition for review denied March 20, 2007 (342 Or 503)

John JOYCE,
personal representative of the
Estate of Raginia M. Lyle, Deceased,
*Petitioner,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
*Respondent.*

04-0830; A129684

147 P3d 379

Frank C. Gibson argued the cause for petitioner. With him on the briefs was Hutchinson, Cox, Coons, DuPriest, Orr & Sherlock, P.C.

Robert Atkinson, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor

General, and Katherine H. Waldo, Senior Assistant Attorney General.

Before Landau, Presiding Judge, and Schuman, Judge, and Hargreaves, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

The issue in this case is whether a beneficiary of certain Public Employees Retirement System (PERS) benefits is entitled to interest on the distribution of those benefits. The Public Employees Retirement Board (board) concluded that PERS lacked statutory authority to pay such interest. We agree and affirm the decision of the board.

The relevant facts are undisputed. Leslie Lyle worked for the City of Eugene. As a city worker, he was a member of PERS. On July 12, 2001, while still employed by the city, he died of cancer. He had named his wife, Raginia Lyle, his beneficiary. As the beneficiary, she was entitled to choose to receive death benefits in the form of a lump sum or as an annuity. On August 29, 2001, she elected to receive the benefits as an annuity. PERS then transferred all funds from Leslie Lyle's member account, along with employer matching funds, to its Benefits-in-Force Reserve account and closed the member account. On September 7, 2001, PERS began paying Raginia Lyle monthly annuity payments, drawn from the reserve fund.

Five months later, Raginia Lyle committed suicide. Her brother, petitioner, was appointed personal representative of her estate. He asked PERS to permit the estate to rescind the election, based on the contention that Raginia Lyle had been incompetent at the time. PERS denied the request, but told petitioner that it would reconsider if a court determined that Raginia Lyle had been incompetent at the time of the election.

Petitioner then brought an action under ORCP 66 B for a declaration that, because Raginia Lyle had been incompetent at the time of the August 29, 2001, election, that election was void. The parties stipulated to the relevant facts, including the fact that petitioner would elect to receive the lump sum in lieu of the annuity that Raginia Lyle had elected, should the trial court find that she was incompetent at the time of the election. The trial court found that Raginia Lyle was indeed legally incompetent when she signed the August 29, 2001, election and that, in consequence, the election was void.

In accordance with the stipulation, on September 9, 2004, PERS then paid petitioner a lump sum totaling in excess of $670,000. Petitioner, however, insisted that PERS should also be required to pay $110,198 in interest on that lump sum. PERS denied that request on the ground that it lacked any authority to award interest under the circumstances of this case. Petitioner asked for a contested case hearing before the board. At the hearing, PERS relied on ORS 238.470, which provides that "[i]nterest is not payable on any payment from the Public Employees Retirement Fund unless specifically provided for in this chapter." According to PERS, there simply is no authority in ORS chapter 238 for the payment of interest on a lump sum on the facts of this case. Petitioner argued that the statutes pertaining to the authority of PERS should be construed liberally to avoid the "harsh result" of "den[ying] substantial interest to the member's beneficiaries." The board concluded that there was no statutory basis for petitioner's requested interest.

■ Petitioner now seeks judicial review of the board's order denying his request for interest on the lump sum of benefits paid to the estate of Raginia Lyle. Petitioner argues that two statutes—ORS 238.390(6) and ORS 238.395(5)— authorize the payment of interest.

PERS responds that neither statute applies. The former, PERS argues, applies only to interest "upon the member account of the member." ORS 238.390(6). In this case, PERS notes, it is stipulated that Leslie Lyle's member account was closed in September 2001, when the annuity payments to his surviving wife commenced, and there has been no member account since that time on which interest could accrue. The latter statute, PERS argues, applies only to interest on death benefits "until the date that the benefit is distributed." ORS 238.395(5). In this case, PERS contends, it is again uncontested that the death benefits were distributed when annuity payments commenced.

■ In reviewing the board's order, we are to determine whether it "erroneously interpreted a provision of law." ORS 183.482(8)(a). PERS is a state agency and, as such, possesses only the authority conferred on it by statute. *City of Klamath Falls v. Environ. Quality Comm.*, 318 Or 532, 545, 870 P2d

825 (1994); *PEBB v. OHSU*, 205 Or App 64, 82, 132 P3d 1061 (2006). An agency's authority may not be expanded beyond that granted by the terms of a statute. *Severy v. Board of Parole*, 318 Or 172, 176 n 7, 864 P2d 368 (1993).

ORS 238.390(6) provides that "[i]interest upon the member account of the member shall accrue until the date that the amount in the member account is distributed." ORS 238.395(5) provides that "[i]nterest upon the death benefit provided by this section shall accrue until the date that the death benefit is distributed." ORS 238.470 then provides, in part, that "[i]nterest is not payable *on any payment* from the Public Employees Retirement Fund *unless specifically provided for in this chapter.*" (Emphasis added.) The upshot of those three statutes—as they pertain to the contentions advanced in this case—is that, unless either ORS 238.390(6) or ORS 238.395(5) authorize PERS to pay the interest that petitioner requests, PERS possesses no authority to pay it.

The first of those two statutes authorizes PERS to pay interest on "the member account of the member" until the date of distribution. ORS 238.390(6). In this case, it is uncontested that Leslie Lyle's account was closed in September 2001, that the funds in his account were transferred to the Benefits-in-Force Reserve account, and that a distribution in the form of annuity checks commenced at that point. Consequently, ORS 238.390(6) affords no basis for paying interest that supposedly accrued from that point until September 2004. There simply was no member account on which interest could accrue during that time.

The second of the two statutes provides that interest on death benefits accrues "until the date that the death benefit is distributed." ORS 238.395(5). The "date of distribution" is defined by administrative rule as "the date inscribed on the check, warrant, or electronic transfer issued to or on behalf of the member." OAR 459-007-0001(7). It is uncontested that Leslie Lyle's death benefits were distributed within the meaning of that rule in September 2001, when his member account funds were transferred to the Benefits-in-Force Reserve account and annuity payments commenced. Consequently, that statute also affords no basis for paying interest until September 2004.

Petitioner insists that, in order to do equity and to give full effect to the nullification of Raginia Lyle's election, we must return the parties to the positions they would have occupied had she never made that election. According to petitioner, that requires that we order PERS to treat the account as having been constructively reopened and as having been constructively accruing interest for a three-year period. Nothing in trial court's order suggests that the parties submitted those issues for its determination, and nothing suggests that the court intended its declaration to have that effect. Moreover, ORS 238.470 makes clear that the legislature intended that the agency's authority to pay interest be limited; unless "specifically provided for" in ORS chapter 238, "interest is *not* payable on any payment." (Emphasis added.) There is no provision for payment of interest under the circumstances of this case.

Affirmed.