Argued and submitted September 21, affirmed October 21, 1992

ALLIANCE FOR RESPONSIBLE LAND USE
IN DESCHUTES COUNTY
and 1000 Friends of Oregon,
*Respondents,*

*v.*

DESCHUTES COUNTY,
James Gardner and Michael Humphreys,
*Petitioners,*

*and*

EAGLE CREST PARTNERS, LTD.,
*Respondent.*

(LUBA 92-045, 92-046, 92-047, 92-048; CA A76196)

839 P2d 746

Bruce W. White, Deschutes County Legal Counsel, Bend, argued the cause and filed the brief for petitioner Deschutes County.

William F. Gary, Eugene, argued the cause for petitioners James Gardner and Michael Humphreys. With him on the

brief were Glenn Klein and Harrang Long Watkinson Arnold & Laird, P.C., Eugene.

Christine M. Cook, Portland, argued the cause and filed the brief for respondents Alliance for Responsible Land Use in Deschutes County and 1000 Friends of Oregon.

No appearance for respondent Eagle Crest Partners, Ltd.

Before Joseph, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioners seek review of LUBA's remand of two Deschutes County ordinances that amended its comprehensive plan and zoning ordinance to map and establish zoning provisions for the siting of destination resorts.[1] We affirm.

ORS 197.455 specifies several types of areas where a "destination resort shall not be sited." Among those, under subsection (2), are locations "within three miles of a high value crop area." As defined by ORS 197.435(2):

" 'High value crop area' means an area in which there is a concentration of commercial farms capable of producing crops or products with a minimum gross value of $1,000 per acre per year. These crops and products include field crops, small fruits, berries, tree fruits, nuts or vegetables, dairying, livestock feedlots or Christmas trees as these terms are used in the 1983 County and State Agricultural Estimates prepared by the Oregon State University Extension Service. The 'high value crop area' designation is used for the purpose of minimizing conflicting uses in resort siting and does not revise the requirements of an agricultural land goal or administrative rules interpreting the goal."

Goal 8 includes similar requirements.[2]

The county found that none of its own territory within three miles of the designated destination resort site area is a high value crop area. However, although all of the land that the county has designated for destination resort sites lies inside its own boundaries, the three-mile perimeter around those sites also includes territory in Jefferson, Crook and Klamath Counties. Neither Deschutes County nor the other three counties have determined whether any of the land in the other counties is a high value crop area.[3] LUBA

---

[1] The county and the individual petitioners have appeared separately. For the most part, however, the substance of their arguments that calls for discussion is similar enough to be considered collectively.

[2] Destination resort siting is governed by ORS 197.435 to ORS 197.465. The statutes codify and largely replicate the destination resort siting provisions of Goal 8. There are no differences between the statutes and the goal that are material here.

[3] LUBA noted that the record affirmatively shows that no designations of that land were made by Crook and Jefferson counties, but that the "status of Klamath County's planning for destination resorts is unclear." For purposes of this review, we take the record as it stands and accept as a fact that no determinations have been made about the high value crop area status of any of the affected land outside

concluded that Deschutes County was required to make that determination as part of the process of adopting its destination resort siting legislation and that, because it did not do so, the county "has failed to demonstrate compliance with the requirement of ORS 197.455 and Goal 8 that land within three miles of high value crop areas not be included on the map as available for destination resort siting." (Footnote omitted.) LUBA is correct.

Petitioners agree that the three-mile restriction of ORS 197.455(2) and Goal 8 applies to the territory outside Deschutes County and that, had the other counties determined that any of their own territory is a high value crop area, Deschutes County could not allow the siting of destination resorts within three miles of those areas. However, petitioners contend that the other counties have not determined that their land is a high value crop area for purposes of Goal 8 and that Deschutes County cannot do so, because it lacks authority to engage in land use planning for land in other counties. Petitioners assert, relying on the administrative history of Goal 8 and on the word "designation" in ORS 197.435(2), that each county enjoys the sole authority to make high value crop area determinations for its own territory, as part of its comprehensive planning process. Petitioners contend that it follows from that that, because no county had designated any of the areas in question as high value crop areas, it was not necessary or permissible for Deschutes County to consider those lands in applying Goal 8 and ORS 197.455(2).

■      We conclude, however, that the requirement that Deschutes County determine whether there are high value crop areas in the other counties' territory is not correctly viewed as an exercise of planning authority over *that* territory; the requirement is that it make the determination to demonstrate whether the destination resort siting that it plans to allow on *its* own territory complies with ORS 197.455(2) and Goal 8. In essence, the status of the "extraterritorial" areas within the three-mile perimeter is a fact that the county must find to support its own decision about the permissibility of destination resort use inside its boundaries.

Deschutes County. However, that factual question *may* be one for the county to consider on remand.

The provisions of the goal and the statute do not support petitioners' argument. Neither includes language that allows a county *not* to look beyond its boundaries in assessing whether a destination resort site is within three miles of high value crop areas, regardless of whether the adjacent county has made a designation of the land for purposes of Goal 8. The interpretation that petitioners urge would be inconsistent with the purpose of the statute and the goal. The designation of high value crop areas is required by Oregon's land use law only in connection with destination resort siting decisions. Although counties that *choose* to provide for destination resorts must comply with ORS 197.435 *et seq* and Goal 8, no county is *required* to adopt destination resort provisions or to make the concomitant determinations about high value crop areas within its territory. The effect of accepting petitioners' position would be to require a county's siting decisions to comply with the three-mile restriction only if the county happens to border on other counties that have made a decision that they are not required to make. Clearly, that would not carry out the purpose of the statute and goal to allow the siting of destination resorts while also protecting productive farmland.

Petitioners predict that havoc will result from LUBA's holding that allows more than one county to make decisions about the status of the same land. LUBA concluded that the coordinated planning requirements of Goal 2 apply and would prevent the problem that petitioners apprehend. We do not reach that question here, however, because so far no county has made the necessary determination about the status of the land in question. For purposes of this opinion, the answer to the argument is the same as the answer we have given to one of petitioners' other arguments: The question is not whether Deschutes County may decide what land uses may be conducted in other counties; we hold only that it must decide whether a fact about land in the other counties is consistent with the legal requirements for a use that it plans to permit in Deschutes County.

■    The individual petitioners also contend that LUBA's decision is reversible, because it "did not find that there were any high value crop areas in adjacent counties, or even that the record contained any evidence of high value crop areas" in

those counties. They would therefore conclude that no violation of the statute or the goal was proved. We do not agree that LUBA or the opponents of the county's decision were required to make that showing. LUBA correctly concluded that the county was obligated to demonstrate that its destination resort siting legislation complies with the applicable statutes and, also, that its plan amendment complies with Goal 8. The determination that the siting location is not within three miles of high value crop areas is a necessary part of that demonstration.

Affirmed.