Argued and submitted May 14, reversed and remanded June 16, Douglas County's petition for reconsideration and Bracelin-Yeager Excavation & Trucking's petition for reconsideration denied June 16, both petitions for review allowed September 28, 1993 (317 Or 605)
See 318 Or 72 (1993)

Michael O'MARA,
Naomi O'Mara, Donald Cooper, Vickie Cooper,
Gerald Helbling, Christi Helbling,
Elinor Jean Gadway, Avis S. White,
and Lori Ann Bush,
*Petitioners,*

*v.*

DOUGLAS COUNTY
and Bracelin-Yeager Excavation & Trucking, Inc.,
*Respondents.*

(LUBA No. 92-166; CA A79129)

854 P2d 470

Paul E. Meyer, Assistant County Counsel, Roseburg, waived appearance for respondent Douglas County.

Mildred J. Carmack, Portland, argued the cause for respondent Bracelin-Yeager Excavation & Trucking, Inc. With her on the brief were Steven W. Abel and Schwabe, Williamson & Wyatt, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners appealed to LUBA from Douglas County's approval of a conditional use permit that would allow respondent Bracelin-Yeager Excavation & Trucking, Inc. (respondent) to conduct screening and crushing of aggregate and to operate an asphalt batch plant. Although LUBA remanded the county decision on other grounds, it rejected petitioners' argument that the issuance of the permit violates ORS 215.301. Petitioners seek review and assign error to LUBA's ruling on that assignment. We reverse.

ORS 215.301 provides, in relevant part:

"Notwithstanding the provisions of ORS 215.213 and 215.283 [pertaining to permissible uses in exclusive farm use zones], no application shall be approved to allow batching and blending of mineral and aggregate into asphalt cement within two miles of a planted vineyard."

The statute was enacted through Oregon Laws 1989, chapter 861, section 4. Sections 1 and 2 of the same Act amended ORS 215.213 and ORS 215.283 to make the general uses described in ORS 215.301 permissible in EFU zones. *See* ORS 215.213(2)(d); ORS 215.283 (2)(b).[1]

The affected part of respondent's property is in an industrial zone, but some nearby property is in exclusive farm use zones. Petitioners assert that the permitted operations will take place within two miles of planted vineyards. Therefore, they contend, the approval of the operations is foreclosed by ORS 215.301.

---

[1] ORS 215.213(2)(d) allows as conditional uses in EFU zones:

"Operations conducted for:

"(A) Mining and processing of geothermal resources as defined by ORS 522.005 and oil and gas as defined by ORS 520.005, not otherwise permitted under paragraph (h) of subsection (1) of this section;

"(B) Mining of aggregate and other mineral and other subsurface resources subject to ORS 215.298;

"(C) Processing, as defined by ORS 517.750, of aggregate into asphalt or portland cement; and

"(D) Processing of other mineral resources and other subsurface resources."

ORS 215.283(2)(b) contains parallel language.

Respondent answers that ORS 215.301 is not applicable to the proposed use of his property because the statute applies only to operations that are within two miles of planted vineyards *and* are located in an EFU zone, and his property is not in an EFU zone. Respondent contends that the meaning of the statute and its history show that it was meant to apply "only to proposals for asphalt concrete processing within an [EFU] zone." In addition, according to respondent, any other reading of the statute would run afoul of the "one subject" provisions of the Oregon Constitution. Respondent explains:

"Article IV, Section 20 of the Oregon Constitution would preclude applying ORS 215.301 to deny a conditional use permit in a Heavy Industrial zone. The statute was enacted as part of a law which, according to its title, relates only to 'uses allowed in exclusive farm use zones.' If the legislature was attempting in ORS 215.301 to regulate the siting of asphalt concrete operations in all zones, that attempted application of the statute was not encompassed by the law's title. Article IV, Section 20 says that any part of an Act which is not expressed in its title 'shall be void.' "

■     LUBA agreed with respondent's arguments on that issue. We do not. The meaning of ORS 215.301 is clear. The statute precludes the approval of operations of the kind in question within two miles of planted vineyards, regardless of the zoning of the property on which the proposed use is to take place. The concern and the language of the statute relate only to the proximity of the operations to vineyards, and say nothing about the zoning or any other characteristics of the property on which an applicant proposes to conduct the operations. *See Alliance for Responsible Land v. Deschutes County*, 115 Or App 621, 839 P2d 746 (1992).

We also find respondent's constitutional argument unconvincing. The title of the 1989 Act is:

"Relating to uses allowed in exclusive farm use zones; creating new provisions; and amending ORS 215.213, 215.263 and 215.283."

The premise of respondent's argument is that the phrase "relating to uses *allowed* in [EFU] zones" [emphasis supplied] cannot include the regulation of any use if it is *conducted* in a different kind of zone. That premise seems to us to

ignore part of the constitutional provision on which respondent relies. Article IV, section 20, requires, as material:

"Every Act shall embrace but one subject, *and matters properly connected therewith,* which subject shall be expressed in the title." (Emphasis supplied.)

Concurring in *OEA v. Phillips,* 302 Or 87, 103, 727 P2d 602 (1986), Judge Linde said of the parallel language in Article IV, section 1(2)(d), that " '[m]atters' means provisions ancillary to accomplishing the one substantive policy that is the 'subject' of the measure."

■ ■ The 1989 Act amended ORS 215.213 and ORS 215.283 to permit asphalt concrete processing in EFU zones, subject to the limitation in ORS 215.301 on the location of that use. The obvious purpose of ORS 215.301 is to protect growing vineyards from the effects of asphalt concrete processing operations. It is equally self-evident that the deleterious effects on vineyards would not differ from operations that are inside or outside of EFU zones, if they are carried on within two miles of them. Again, the proximity, not the zoning of the property where the processing operations are conducted, is the problem. The growing of vineyards is a use that is allowed in EFU zones. The protection of that use is ancillary to accomplishing the one substantive policy of the Act, *i.e.,* allowing certain non-agriculture uses while simultaneously protecting agricultural uses that are allowed in EFU zones. *See OEA v. Phillips, supra,* 302 Or at 101-02.

Judge Linde further noted in his *Phillips* concurrence:

"When long after a measure is enacted such an attack is leveled by a party more concerned with escaping the effect of the law than with the political process as such, it is not surprising that this court in 127 years has never invalidated a law under the 'one subject' rule of Article IV, section 20." 302 Or at 106.

We conclude that LUBA erred in holding that ORS 215.301 is inapplicable to respondent's application. We also hold that the applicability of the statute is consistent with Article IV, section 20.

As part of the same assignment to LUBA through which petitioners raised the question of whether the statute

applies, they also contended that the county erred "in shifting to the opponents the burden of proving that the [ORS 215.301] standard is not met." Because of its disposition of the first issue in the assignment, LUBA did not reach the second. On remand, it should do so, and should then fashion an appropriate disposition, consistent with this opinion and with the parts of its opinion that our holding does not disturb.

Reversed and remanded.