Argued and submitted November 1, decision of the Court of Appeals reversed;
portion of the order of the Land Use Board of Appeals affirmed November 26, 1993

Michael O'MARA,
Naomi O'Mara, Donald Cooper,
Vickie Cooper, Gerald Helbling,
Christi Helbling, Elinor Jean Gadway,
Avis S. White, and Lori Ann Bush,
*Respondents on Review,*

*v.*

DOUGLAS COUNTY
and Bracelin-Yeager Excavation & Trucking, Inc.,
*Petitioners on Review.*

(LUBA 92-166; CA A79129; SC S40438, S40439)

862 P2d 499

Paul E. Meyer, of Douglas County Counsel's Office, Roseburg, argued the cause and filed a petition for petitioner on review Douglas County.

Mildred J. Carmack, of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed a petition for petitioner on review Bracelin-Yeager Excavation & Trucking, Inc.

Bill Kloos, of Johnson & Kloos, Eugene, argued the cause for respondents on review.

FADELEY, J.

The decision of the Court of Appeals is reversed. The portion of the order of the Land Use Board of Appeals as to which judicial review was sought is affirmed.

## FADELEY, J.

In this case, we are asked to determine the meaning and scope of a statutory prohibition regulating the use of land. Petitioners represent the interest of a vineyard or vineyards located in an exclusive farm use (EFU) zone in Douglas County (County). Respondent Bracelin-Yeager Excavation & Trucking, Inc., operates an asphalt cement processing plant located in a heavy industrial zone in that county. ORS 215.301, originally adopted by the legislature in 1989, provides:

"Notwithstanding the provisions of ORS 215.213 and 215.283, no application shall be approved to allow batching and blending of mineral and aggregate into asphalt cement within two miles of a planted vineyard. Nothing in this chapter shall be construed to apply to operations for batching and blending of mineral and aggregate under a local land use approval on October 3, 1989, or a subsequent renewal of an existing approval."

Respondent and County argue that the statute and its two-mile limit apply only to locating asphalt processing plants within exclusive farm use zones. Petitioners contend that the statute's two-mile limit is absolute, prohibiting operation of respondent's asphalt plant even though it is located in a heavy industrial zone, because the plant is within two miles of petitioners' vineyard that is located in an EFU zone. Those arguments frame the issue in this case: Does ORS 215.301 apply only to asphalt plants located in an EFU zone, or does it, instead, apply to all such plants within two miles of a vineyard, no matter what zoning designation applies to the land where the vineyard or the asphalt plant is located?

County (also a respondent in this judicial review proceeding) decided that the statute spoke only to asphalt plants in EFU zones. County granted a permit to operate respondent's asphalt plant, notwithstanding the fact that the plant was less than two miles from a vineyard. Petitioners appealed to the Land Use Board of Appeals (LUBA). That tribunal upheld County's interpretation of that statute, but remanded to County on other grounds. On judicial review of that part of LUBA's decision involving applicability of ORS

215.301 only, the Court of Appeals reversed LUBA's interpretation that ORS 215.301 did not apply to operation of respondent's asphalt plant. *O'Mara v. Douglas County*, 121 Or App 113, 854 P2d 470 (1993). We allowed review to determine which of those decisions correctly interpreted and applied the statute and now affirm the interpretation and application of the statute at issue made by LUBA and County.

█ █      When called on to interpret a legislative act, this court looks first to text and context. Where a study of the statute at the text-context level suffices to determine intended legislative meaning, this court does not inquire further. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

As relevant to this case, ORS 215.213(2), in part, states:

"The following uses may be established in any area zoned for exclusive farm use subject to ORS 215.296: * * *

"(d)   Operations conducted for: * * *

"(C)   Processing, as defined by ORS 517.750, of aggregate into asphalt or portland cement[.]"

ORS 215.283(2) states:

"Subject to ORS 215.288, the following nonfarm uses may be established, subject to the approval of the governing body or its designate in any area zoned for exclusive farm use subject to ORS 215.296: * * *

"(b)   Operations conducted for: * * *

"(C)   Processing, as defined by ORS 517.750, of aggregate into asphalt or portland cement[.]"

Other statute sections are relevant context. ORS 215.296, in part, provides:

"(1)   A use allowed under ORS 215.213(2) or 215.283(2) may be approved only where the local governing body or its designee finds that [certain conditions exist, as follows]: * * *

"(2)   An applicant for a use allowed under ORS 215.213(2) or 215.283(2) may demonstrate that the standards for approval set forth in subsection (1) of this section will be satisfied through the imposition of conditions. Any conditions so imposed shall be clear and objective.

"* * * * *

"(8) If a use allowed under ORS 215.213(2) or 215.283-(2) is initiated without prior approval pursuant to subsection (1) of this section, the local governing body or its designee at a minimum shall notify the user that prior approval is required, direct the user to apply for approval within 21 days and warn the user against the commission of further violations. * * *"

As the note following ORS 215.303 discloses, land uses within EFU zones that are authorized by ORS 215.213(2) and 215.283(2), and that have been approved previously by a local governing body, are continued as permissible uses by Oregon Laws 1989, chapter 861, section 5.[1] ORS 215.298 enacts regulatory provisions concerning surface mining, including mining of aggregate, in an EFU zone. ORS 215.263 contains provisions conforming that statutory section to provisions of ORS 215.213 and 215.283 relating to allowable uses in EFU zones.

ORS 215.301, quoted above, provides in the opening clause of the first sentence: "[N]otwithstanding the provisions of ORS 215.213 and 215.283." Those two statutes relate exclusively to EFU zones, and they permit processing of asphalt cement in such zones.

The function of a "notwithstanding" clause in the statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause. In the statute in this case, the remainder of the sentence prohibits asphalt processing plants within two miles of a vineyard. The notwithstanding clause declares that the distance regulation is an exception to ORS 215.213 and 215.283 as those sections relate to batching and blending of asphalt cement. Those latter statutes allow approval of asphalt processing as a proper use within an EFU zone. The notwithstanding clause thus functions as an exception to EFU zone regulations that permit, among other things, an asphalt plant in an EFU zone. The clause here, referencing as it does only statutes dealing

---

[1] That section of enacted law (Or Laws 1989, ch 861, § 5) is not codified in Oregon Revised Statutes but is acknowledged by the "note" following ORS 215.303. As the bracketed material following ORS 215.301 indicates, that section was enacted as section (4) of the same act, Oregon Laws 1989, chapter 861. That act contained seven substantive sections. The remaining sections are in the present Oregon Revised Statutes and are discussed in the text of this opinion.

with permissible uses in EFU zones, does not function as an exception to all land use regulations in general. Allowing approval of asphalt plants in EFU zones is the general rule to which the two-mile distance limitation of ORS 215.301 is an exception. But that is the extent of the scope of the statutory provision. ORS 215.301, therefore, does not apply to limit asphalt processing plants that are not located in EFU zones — it does not speak to such plants at all. It follows that ORS 215.301 does not apply to respondent's plant, which is located in a heavy industrial zone. The contrary conclusion of the Court of Appeals was error.

The decision of the Court of Appeals is reversed. The portion of the order of LUBA as to which judicial review was sought is affirmed.