Argued and submitted February 18, affirmed March 18, petition for review denied June 30, 1998 (327 Or 317)

Sandra K. WRIGHT,
*Appellant,*

*v.*

PROFESSIONAL SERVICES INDUSTRIES, INC.,
a Delaware corporation,
*Respondent.*

(96C-862495; CA A96115)

956 P2d 230

Jacqueline L. Koch argued the cause for appellant. With her on the briefs was Findling & Johnson.

William Walters argued the cause for respondent. With him on the brief were Carole L. Souvenir and Miller, Nash, Wiener, Hager & Carlsen LLP.

Before Deits, Chief Judge,* and Landau, Judge, and Buttler, Senior Judge.

* Deits, C. J., *vice* Leeson, P. J., resigned.

LANDAU, J.

**LANDAU, J.**

Plaintiff initiated this action to recover wages from defendant. ORS 652.150. The matter was referred to an arbitrator, who held in favor of defendant. *See* ORS 36.400 (describing mandatory arbitration). Plaintiff requested a trial *de novo*. ORS 36.425(2)(a). The trial court entered summary judgment for defendant and awarded attorney fees to defendant. On appeal, plaintiff contends that the trial court erred in entering summary judgment for defendant and in awarding attorney fees to defendant. We affirm, writing to address only plaintiff's contentions regarding the trial court's award of attorney fees.

Plaintiff contends that, because this is an action to recover unpaid wages, an award of attorney fees to defendant is prohibited by ORS 652.200. That statute provides, in relevant part:

> "In any action for the collection of wages, * * * the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting said action, unless it appears that the employee has willfully violated the contract of employment."

ORS 652.200(2). Plaintiff notes that the statute has been construed to permit attorney fees only to prevailing employees, pursuant to a legislative policy decision that employees are at an economic disadvantage in seeking legal redress for their wage claims. *Kling v. Exxon Corp.*, 74 Or App 399, 404, 703 P2d 1021 (1985). Plaintiff argues that to permit an award of attorney fees in favor of defendant in this case would contravene that legislative policy decision.

Defendant contends that the trial court's decision was authorized by ORS 36.425(4), which provides, in part:

> "*Notwithstanding any other provision of law* or the Oregon Rules of Civil Procedure:
>
> "(a) If a party requests a trial *de novo* under the provisions of this section, the action is subject to arbitration * * *, the party is entitled to attorney fees by law or contract, and the position of the party is not improved

after judgment on the trial *de novo*, the party shall not be entitled to an award of attorney fees or costs and disbursements incurred by the party before the filing of the decision and award of the arbitrator, and shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action on the trial *de novo* after the filing of the decision and award of the arbitrator."

(Emphasis supplied.)

Plaintiff acknowledges that ORS 36.425, by its terms, authorizes an award of attorney fees in the circumstances presented in this case "[n]otwithstanding any other provision of the law." She nevertheless contends that the notwithstanding clause "cannot be read literally because that would place ORS 652.200 and ORS 36.425 squarely in conflict" and that we should not construe statutes to create such conflicts. Plaintiff argues that, even if ORS 36.425 were given such a literal reading, the resulting conflict would require the application of the maxim that more specific statutes prevail over conflicting general statutes, and that would require ORS 652.200 to take precedence because it is the more specific. Either way, she contends, ORS 36.425 cannot apply to her in this case.

As a last resort, plaintiff argues that, if we conclude that ORS 36.425 otherwise applies, we should decline to apply it in this case, because the legislature never intended the statute to apply in cases such as this, regardless of the language that it enacted. The notwithstanding clause, she argues, should be regarded as unintentionally broad and should be limited judicially to effectuate the legislature's intentions evinced by the legislative history of ORS 36.425. She points out that an early version of the bill that became ORS 36.425 also contained a provision broadening ORS 652.200 to permit awards of attorney fees against employees. Because that amendment ultimately was deleted from the bill, she contends, it follows that the legislature never intended the remaining sections of the bill to affect ORS 652.200 in any way.

We determine the applicability of ORS 36.425 as a matter of law, examining the text of the statute in its context

and, if necessary, its legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In this case, the language of the relevant statutory provisions is straightforward. ORS 652.200 provides that, in wage claim cases, prevailing employees may recover attorney fees. *Kling*, 74 Or App at 404. ORS 36.425 then provides that, "[n]otwithstanding any other provision of the law," when a party to a dispute that is subject to arbitration under ORS chapter 36 requests a trial *de novo*, and that party fails to improve his or her position by doing so, that party "shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action * * *." ORS 36.425(4)(a).

■    A notwithstanding clause, by its nature, acts as an exception to the other laws to which it refers. *Severy v. Board of Parole*, 318 Or 172, 178, 864 P2d 368 (1993) ("The function of the 'notwithstanding' clause * * * was to make the statute an exception to the provisions of law referenced in that clause."); *O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("The function of a 'notwithstanding' clause in [a] statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause."). In this case, ORS 36.425 provides that, in appropriate circumstances, attorney fees shall be awarded "[n]otwithstanding *any* other provision of the law." Thus, by its terms, ORS 36.425 applies regardless of what *any* other statute may say to the contrary. That means that, even if ORS 652.200 otherwise prohibits awarding attorney fees to employers in wage claim cases, when the circumstances described in ORS 36.425 occur, a court may award attorney fees to employers.

There is no debate that the circumstances described in ORS 36.425 exist: Plaintiff was otherwise entitled to attorney fees by law, she requested a trial *de novo* in a case subject to arbitration under ORS chapter 36, and she failed to improve her position. Therefore, under ORS 36.425, the trial court was authorized to award attorney fees to defendant.

Plaintiff's alternative arguments do not require us to reach a different conclusion. Her invocation of the maxim that specific statutes control more general statutes is

unavailing. The maxim applies only when statutes are irreconcilably "inconsistent." ORS 174.020; *see also State v. Guzek*, 322 Or 245, 268, 906 P2d 272 (1995). In this case, there is no inconsistency. To the extent there is any "conflict" between ORS 36.425 and ORS 652.200, it is merely a function of giving effect to the notwithstanding clause in ORS 36.425. To avoid such a "conflict" would require us to ignore the notwithstanding clause entirely or to rewrite it to read "notwithstanding any other provision of the law *except ORS 652.200*." We can do neither. ORS 174.010.

Plaintiff's insistence that the legislative history of ORS 36.425 reveals that the notwithstanding clause in that statute is unintentionally broad is equally unavailing. Even assuming that there exists sufficient ambiguity in the statute to warrant an examination of legislative history, the amendment of the bill on which she relies does not support the conclusion that she draws from it. It simply does not follow that, because the legislature chose not to amend ORS 652.200, it must have intended that statute to remain completely unaffected by the enactment of ORS 36.425. The amendment to ORS 652.200 that ultimately was dropped would have authorized an award of attorney fees to a prevailing party—whether employer or employee—in *any* wage case, not just a case subject to arbitration. The legislature could have decided to refrain from going that far and could have decided instead to permit an award of attorney fees to a prevailing party in a wage case only in the more limited circumstances set out in ORS 36.425, to promote the competing policy of discouraging challenges to arbitration awards.

In any event, whether the legislature intended the notwithstanding clause to apply broadly or not, the fact remains that the enacted statute provides that it applies notwithstanding *any* other provision of the law, and we are not at liberty either to ignore that language or to improve on it to effectuate what we may speculate the legislature may have intended. *See, e.g., State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996) (courts lack authority to "rewrit[e] a clear statute based solely on our conjecture that the legislature could not have intended a particular result").

Affirmed.