Argued and submitted September 25, affirmed December 26, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# J. PIERRE KOLISCH,
*Appellant.*

## PR116471; A116109

60 P3d 576

J. Pierre Kolisch argued the cause and filed the brief *pro se*.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

Armstrong, J., dissenting.

**LANDAU, P. J.**

Defendant appeals a judgment imposing a fine for speeding, based on evidence from a photo radar unit. Defendant argues that the trial court erred in failing to enter a judgment of acquittal, because there was insufficient notice that a photo radar unit was in operation. According to defendant, the lack of sufficient notice rendered the citation invalid. The state argues that the statute that sets out the requirements of a valid citation does not include such a notice requirement. We agree with the state and affirm.

The relevant facts are not in dispute. Defendant drove south on Barbur Boulevard in Portland through an area posted as a 35 miles per hour zone. A photo radar unit clocked defendant driving at 48 miles per hour. Approximately 200 yards past the photo radar unit, there was a sign on the opposite side of the street indicating that a photo radar unit was in operation. The officer operating the photo radar unit cited defendant and the citation was mailed to defendant.

At trial, defendant argued that the citation should be dismissed because, under ORS 810.438(2)(e), signs must be posted between 100 and 400 yards from a photo radar unit announcing that the unit is in operation. According to defendant, that means that the signs must be posted on the near side of the street facing traffic before the traffic reaches the photo radar. The state argued that the posting in this case clearly was located within the area required by the statute, and the trial court agreed.

On appeal, defendant repeats his assertion that the citation should have been dismissed, because the sign on Barbur Boulevard, having been placed on the opposite side of the street, failed to comply with ORS 810.438(2)(e). The state argues that, under ORS 810.438(2)(e), it does not matter on which side of the street the sign is posted. In any event, the state argues, under ORS 810.439, the proper location of a sign is not a prerequisite to a lawful citation.

The parties' arguments rest on the proper construction of the relevant statutes, which we review as a matter of law in accordance with the interpretive principles described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We thus begin with the text of the statute, including its relevant context, presuming that the legislature intended that the words be given their ordinary meanings. *Id.*

ORS 810.438 authorizes Portland and several other jurisdictions to operate photo radar, subject to certain conditions. One of those conditions is that photo radar

"[m]ay not be used unless a sign is posted announcing that photo radar is in use. The sign must be on the street on which the photo radar unit is being used and must be no closer than 100 yards and no farther than 400 yards from the location of the unit."

ORS 810.438(2)(e).

ORS 810.439 then provides, in part:

"(1) *Notwithstanding any other provision of law*, in the jurisdictions using photo radar:

"(a) *A citation for speeding may be issued on the basis of photo radar if the following conditions are met:*

"(A) The photo radar equipment is operated by a uniformed police officer.

"(B) The photo radar equipment is operated out of a marked police vehicle.

"(C) An indication of the actual speed of the vehicle is displayed within 150 feet of the location of the photo radar unit.

"(D) Signs indicating that speeds are enforced by photo radar are posted, so far as is practicable, on all major routes entering the jurisdiction.

"(E) The citation is mailed to the registered owner of the vehicle within six business days of the alleged violation.

"(F) The registered owner is given 30 days from the date the citation is mailed to respond to the citation.

"(G) If the person named as the registered owner of a vehicle in the current records of the Department of Transportation fails to respond to a citation issued under this subsection, a default judgment under ORS 153.102 may be entered for failure to appear after notice has been given that the judgment will be entered."

(Emphasis added.)

Defendant concedes that all seven of the requirements of ORS 810.439(1)(a) were satisfied in this case and that the statute expressly sets out only those seven as prerequisites for the issuance of a valid citation. He nevertheless insists that the requirements of ORS 810.438 must be considered as additional requirements for the issuance of a valid citation.

■ Defendant's argument is defeated by the unambiguous phrasing of the statute. ORS 810.439(1) declares that, "[n]otwithstanding any other provision of law," a citation for speeding may be issued on the basis of photo radar if the authorized jurisdiction satisfies seven enumerated conditions that defendant concedes were met in this case. The function of a "notwithstanding" clause is straightforward. It operates as an exception to whatever follows. *Severy v. Board of Parole*, 318 Or 172, 178, 864 P2d 368 (1993) (function of a notwithstanding clause is to operate as "an exception to the provisions of law referenced in the clause"); *O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("The function of a 'notwithstanding' clause in the statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause.").

Thus, for example, in *Wright v. Professional Services Industries, Inc.*, 153 Or App 102, 956 P2d 230, *rev den*, 327 Or 317 (1998), a worker who had unsuccessfully requested *de novo* review of an abitrator's decision in a wage collection action complained that the trial court lacked authority to award attorney fees to the defendant employer. The worker relied on ORS 652.200, which provides that employers may not obtain attorney fees in an action for the collection of wages. We disagreed, noting that ORS 36.425(4) provided that, "[n]otwithstanding any other provision of law," when a

party requests *de novo* review of an arbitration award, the prevailing party is entitled to attorney fees. We explained:

> "A notwithstanding clause, by its nature, acts as an exception to the other laws to which it refers. In this case, ORS 36.425 provides that, in appropriate circumstances, attorney fees shall be awarded '[n]otwithstanding *any* other provision of the law.' Thus, by its terms, ORS 36.425 applies regardless of what *any* other statute may say to the contrary."

*Wright*, 153 Or App at 106 (emphasis in original; citations omitted).

Similarly, in *Evangelical Lutheran Good Samaritan Soc. v. Bonham*, 176 Or App 490, 496, 32 P3d 899 (2001), *rev den*, 334 Or 75 (2002), the relevant statute provided that, "[n]otwithstanding any other provision of this chapter, the worker may initiate a new medical condition claim at any time." We concluded that the statute "unambiguously allows a claimant to initiate a new medical condition claim at any time," regardless of what any other provision in the chapter might otherwise provide. *Id.* at 497.

■ In this case, ORS 810.438 imposes various requirements for the proper operation of a photo radar unit. Then ORS 810.439(1)(a) declares, "[n]otwithstanding *any* other provision of law," only seven enumerated conditions are required for the issuance of a valid speeding citation based on photo radar evidence. That means that, regardless of what *any* other provision of law—including ORS 810.438—may say to the contrary, only the enumerated seven conditions are required for the issuance of a valid speeding citation based on photo radar evidence. As we have noted, defendant concedes that all seven of the conditions listed in ORS 810.439(1)(a) have been satisfied in this case. That ends the matter.

Because we conclude that compliance with ORS 810.438 is not a condition of the issuance of a valid citation under ORS 810.439(1)(a), we need not address the question whether the posting of the sign in this case in fact complied with ORS 810.438. We also do not address whether the

requirements of ORS 810.438 may be enforced by some other means than challenging the validity of the issuance of a citation under ORS 810.439.

Affirmed.

**ARMSTRONG, J.**

I respectfully dissent.