Argued and submitted December 14, 2007, affirmed July 23, 2008

Dennis WERBOWSKI
and Susan Werbowski,
*Plaintiffs-Appellants,*

*v.*

RED SHIELD INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
050302830; A133348

190 P3d 406

Willard E. Merkel argued the cause for appellants. With him on the briefs was Merkel & Associates.

Jay W. Beattie argued the cause for respondent. With him on the brief was Lindsay, Hart, Neil & Weigler, LLP.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Sercombe, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

In this breach of contract action under an insurance policy, the trial court entered a general judgment in favor of defendant, and also awarded defendant attorney fees under ORS 36.425(4). Plaintiffs appeal, challenging only the award of attorney fees, and we affirm.

The facts are not disputed. Plaintiffs' breach of contract claim was referred to court-annexed arbitration. ORS 36.400 to 36.425. Defendant prevailed before the arbitrator, and plaintiffs requested a trial *de novo* pursuant to ORS 36.425(2)(a). On cross-motions for summary judgment, the trial court ruled in favor of defendant. In its letter opinion, the court asked defendant's counsel to prepare the judgment. On July 26, 2006, along with a proposed judgment, defendant's counsel submitted to the court a statement requesting attorney fees pursuant to ORS 36.425(4). On July 28, 2006, the trial court signed the judgment, which included an award of attorney fees to defendant.

On August 3, 2006, plaintiffs filed a timely objection to defendant's statement of attorney fees, raising two objections. Plaintiffs contended that an award of attorney fees is not authorized by ORS 36.425(2)(a) when the case is resolved by summary judgment. Plaintiffs also contended that the requested fees included time spent in pursuit of an unsuccessful mandamus action. In a letter to the court accompanying the objections, plaintiffs' counsel asked the court to contact counsel "[s]hould a hearing be necessary concerning this matter." The court took no action in response to plaintiffs' objections.

Plaintiffs assert on appeal that the trial court erred in awarding attorney fees, first, because the court failed to hold a hearing under ORCP 68 C to consider plaintiffs' objections to the award and, second, because ORS 36.425(4)(a) is inapplicable to claims that are resolved by summary judgment rather than at trial.

We first consider plaintiffs' contention that the trial court erred in including an award of attorney fees in the general judgment without affording plaintiffs a hearing pursuant to ORCP 68 C(4)(c)(i) after plaintiffs filed their objections.

The general rule of preservation is that a party claiming error must present the error to the trial court before we will consider it on appeal. ORAP 5.45(4); *McIntyre v. Feeman*, 218 Or App 321, 324, 179 P3d 723 (2008) (mother's ORCP 68 C objection expressly requested hearing); *Tibbetts and Mueller*, 183 Or App 379, 390, 52 P3d 1067 (2002) (husband's request that procedures of ORCP 68 be followed directed court's attention to ORCP 68 and the request for hearing). The related doctrine of invited error precludes us from correcting errors that a party has been "actively instrumental" in causing. *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006).

On this record, we conclude that plaintiffs invited any error by the court in not holding a hearing by asking the court to contact plaintiffs "should a hearing be necessary," thereby indicating that, in plaintiffs' view, the court could act on their objections without conducting a hearing. We accordingly decline to consider plaintiffs' contention on appeal that the trial court erred in awarding attorney fees without holding a hearing on plaintiffs' objections.

We next address plaintiffs' contention that ORS 36.425 does not authorize an award of attorney fees in this case. ORS 36.425(4)(a) provides:

"Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"(a) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under the provisions of ORS 36.405(1)(a), the party is entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements incurred by the party before the filing of the decision and award of the arbitrator, and shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action on the trial de novo after filing of the decision and award of the arbitrator."

The statute authorizes the assessment of attorney fees against a party who has requested a trial *de novo* after an arbitrator's award if that party is entitled to fees by law or

contract and the party's position "is not improved after judgment on the trial de novo." There is no dispute that the insurance policy at issue provides for attorney fees. Plaintiffs concede that they did not improve their position in the trial court. However, they emphasize that ORS 36.425(4)(a) authorizes the assessment of attorney fees only if the party has not improved its position "after judgment on the trial de novo." In plaintiffs' view, as used in ORS 36.425, the required trial *de novo* is a complete trial that includes a determination of facts. They contend that when, as here, only legal issues are involved and the matter is resolved by summary judgment, then there has been no trial *de novo*; hence, no attorney fees can be awarded under the statute.

ORS 36.425(2)(a) describes the procedure for filing a notice of appeal from the arbitrator's order and "request for a trial de novo of the action in the court on all issues of law and fact." ORS 36.425(4), (5), and (7) then describe the circumstances under which a party is entitled to attorney fees "after judgment on the trial de novo," ORS 36.425(4), "after the trial de novo," ORS 36.425(5), or "after a trial de novo," ORS 36.450(7).

■     It is tempting, in the abstract, to view the term "trial de novo" as a trial of the facts, and to interpret the statute to require the assessment of attorney fees only in cases that have gone to trial. However, it is clear from the text of ORS 36.425(4) and its context, as well as logic, that the term "trial de novo" refers not just to a trial of facts but to the entire circuit court proceeding that is set in motion by virtue of the filing of a notice of appeal. The "trial de novo" is the proceeding that was initiated in the circuit court by the filing of the complaint and that would have proceeded in the circuit court but for the transfer to court-annexed arbitration. When the matter returns to the circuit court after arbitration, that proceeding resumes as a "trial de novo," whether it ultimately resolves after a full trial or at some earlier stage, such as summary judgment.

Our interpretation is consistent with our prior case law. In *Krause v. Andersen*, 108 Or App 211, 814 P2d 178 (1991), we considered and rejected the contention that "trial

de novo," as used in ORS 36.425, is limited to a complete factual review and does not encompass cases resolved in arbitration through summary judgment:

> "Although the phrase '*de novo*' sometimes connotes the scope of factual review, it has a different meaning in ORS 36.425(2)(a), which expressly refers to questions of law as well as of fact. As used in that statute, the phrase contemplates an independent decision by a different decisionmaker, rather than referring simply to factual review."

108 Or App at 213.

We have never explicitly addressed whether, under ORS 36.425(4)(a), a case must have gone to trial before attorney fees may be assessed under that subsection. However, in *Wright v. Professional Services Industries, Inc.*, 153 Or App 102, 956 P2d 230, *rev den*, 327 Or 317 (1998), a case that had been resolved by summary judgment, we determined that fees were to be awarded under ORS 36.425(4)(a) to the prevailing defendant. 153 Or App at 106. In *Wright*, the plaintiff brought a wage claim, and the matter was referred to an arbitrator, who held in the employer's favor. *Id.* at 104. The plaintiff requested a trial *de novo* pursuant to ORS 36.425(2)(a). The trial court entered summary judgment for the employer and awarded attorney fees to the employer.

The issue on appeal was whether, in light of the "notwithstanding" clause that begins ORS 36.425(4), attorney fees must be awarded to the prevailing employer under ORS 36.425(4), even if another statute, ORS 652.200, otherwise prohibits the award of attorney fees to employers in wage claim cases. *Id.* at 105. We held that the "notwithstanding" clause, by its nature, was an exception to the other laws to which it refers, and that, even if ORS 652.200 otherwise prohibits an award to employers, "when the circumstances described in ORS 36.425 occur, a court may award attorney fees to employers." *Id.* at 106. In concluding that the attorney fees were authorized, we reasoned:

> "There is no debate that the circumstances described in ORS 36.425 exist: Plaintiff was otherwise entitled to attorney fees by law, she requested a trial *de novo* in a case

subject to arbitration under ORS chapter 36, and she failed to improve her position."

*Id.*

Although we did not explicitly address in *Wright* whether attorney fees are appropriate under ORS 36.425 when a matter has been resolved on summary judgment, that was the posture of the case, and we concluded that "the circumstances described in ORS 36.425 exist." *Id.* We similarly conclude here that the circumstances described in ORS 36.425(4) exist, and we therefore affirm the trial court's award of attorney fees to defendant.

Affirmed.