Argued and submitted November 28, 2018, reversed and remanded
November 25, 2020

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

CHARLES DRUMBOR,
*Defendant-Respondent.*

Multnomah County Circuit Court
16CR14545; A165648 (Control)

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

CAROL WILMER DAY,
*Defendant-Respondent.*

Multnomah County Circuit Court
16CR26756; A165654

478 P3d 987

In this consolidated criminal appeal, the Court of Appeals addresses the statutory framework requiring an ignition interlock device or IID for drivers who enter diversion after being charged with driving under the influence of intoxicants. The state appeals from an order granting defendants' motions to remove the IID requirement from their respective driving records, arguing that the trial court erred, because defendants—who chose not to drive during their diversion period—failed to comply with the requirement in ORS 813.635 to submit a certificate demonstrating that the IID did not record a negative report for 90 consecutive days. *Held*: The text of ORS 813.635(1) establishes that the notation requiring the use and installation of an IID remains on a diversion participant's driving record until the participant presents a certificate stating that the IID did not record a negative report for 90 consecutive days. Because defendants must comply with the requirement in ORS 813.635(1), the trial court erred in granting defendants' motions to remove the IID requirement from their driving record.

Reversed and remanded.

David F. Rees, Judge.

Joanna L. Jenkins, Assistant Attorney General argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Scott H. Terrall argued the cause and filed the brief for respondent Carol Wilmer Day.

Rosalind Lee and Stacy M. Du Clos filed the brief *amicus curiae* for Oregon Criminal Defense Lawyers.

No appearance for respondent Charles Drumbor.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Landau, Senior Judge.*

POWERS, P. J.

Reversed and remanded.

_____
  * Egan, C. J., *vice* Garrett, J. pro tempore.

**POWERS, P. J.**

In this consolidated appeal, we address the statutory framework requiring an ignition interlock device or IID for drivers who enter diversion after being charged with driving under the influence of intoxicants (DUII). More specifically, the question presented in this appeal is whether defendants who decide not to drive during their diversion period and therefore do not install an IID must nevertheless do so before the IID requirement is removed from their driving record. The state appeals from an order granting defendants' motions to remove the IID requirement from their respective driving records, arguing that the trial court erred, because defendants failed to comply with the requirement to submit a certificate demonstrating that the IID did not record a negative report for 90 consecutive days. As explained below, because the statutory framework affirmatively requires drivers to submit a certificate to remove the IID notation from their driving record, the trial court erred in granting defendants' motions. Accordingly, we reverse and remand.

## BACKGROUND

Although each case arose separately and were later consolidated to consider the motions to remove the IID requirement, we describe the relevant procedural facts, which are undisputed, together. Defendants were separately charged by a district attorney information with one count of DUII, ORS 813.010, and one count of reckless driving, ORS 811.140. They each petitioned the court to enter diversion under ORS 813.200, whereby they could avoid a criminal conviction for DUII and obtain a dismissal of that charge upon successful completion of the diversion. *See* ORS 813.200; ORS 813.220 (outlining criteria the court shall consider for whether to allow or deny a diversion petition). Each defendant also entered into a negotiated agreement (sometimes known as a "reckless setover agreement") under which the reckless driving charge would be dismissed upon successful completion of diversion. The court allowed the petitions, and each defendant began a one-year diversion period. As part of the court's order allowing the petitions, the trial court entered an order mandated by ORS 813.602(3)(a)(A) that defendants must install and use an IID

"in any vehicle operated by the person during the period of the agreement." Further, as required by ORS 813.604(1), the court sent a copy of its orders to the Oregon Department of Transportation, Driver and Motor Vehicle Services Division (DMV), which must place a notation on the driving record of the person required to install the device.

In each case, defendants refrained from driving during the diversion period and did not install an IID. At the end of their respective diversion periods, the trial court deemed that defendants had successfully completed their diversions and dismissed the DUII and reckless driving charges.

Shortly thereafter, each defendant sought to have the IID requirement removed from their driving record by filing respective motions for an order to vacate the IID requirement. The state objected to the motions, arguing that, before the IID notation can be removed from their driving records, defendants must provide DMV with a certificate demonstrating no negative reports for 90 consecutive days under ORS 813.635(1).[1] The trial court allowed the parties to join the cases for a hearing and also allowed DMV to appear as a witness.

At the hearing, defendants argued that the IID requirement did not apply to diversion participants who refrained from driving during the diversion period, never installed an IID, and successfully completed diversion.[2]

---

[1] ORS 813.635(1) provides:

"Notwithstanding ORS 813.602(1)(b) or (c), (2) or (3), the requirement to have an ignition interlock device installed in a vehicle continues until the person submits to the Department of Transportation a certificate from the ignition interlock device manufacturer's representative stating that the device did not record a negative report for the last 90 consecutive days of the required installation period. The department shall remove the ignition interlock device requirement from the person's driving record as soon as practicable after the department receives the certificate."

ORS 813.635(1) has been renumbered and amended since the events of these cases. *See former* ORS 813.635(2) (2015), *renumbered as* ORS 813.635(1) (2017); ORS 813.635(2) (2015), *amended by* Or Laws 2017, ch 655, § 13; ORS 813.635(1) (2017), *amended by* Or Laws 2019, ch 200, §15. Because neither the renumbering nor amendments affect the analysis in this case, we cite the current version of the IID statutes, unless otherwise noted.

[2] The arguments at the hearing were primarily presented by defendant Drumbor, with defendant Day joining in all of the arguments. On appeal, only

Under their interpretation of the statutory framework, the requirement in ORS 813.635(1)—to demonstrate 90 consecutive days without a negative report—was triggered only when a diversion participant elected to drive during the diversion period. The state contended that ORS 813.635(1) did not create a new, separate requirement to install an IID; rather, ORS 813.635(1) extended the duration of the requirement beyond the diversion agreement until the participant submitted a certificate from their IID provider to DMV indicating that there had been no negative reports for 90 consecutive days.[3] According to the state, the statutory framework only provided two pathways to remove the IID notation from a driving record: (1) by complying with ORS 813.635 or (2) by obtaining an order from the court under ORS 813.645.[4] Choosing not to drive, in the state's view, is a way to avoid the IID requirement during the diversion period but does not otherwise provide a pathway to the removal of the IID requirement in its entirety.

The trial court granted defendants' motions and concluded that the IID requirement was extinguished when a participant successfully completes diversion.[5] The court explained:

_____

defendant Day filed an answering brief; defendant Drumbor waived appearance. Although only Day appears on appeal, we refer to "defendants" collectively for ease of reference.

[3] At the hearing, a deputy district attorney and an assistant attorney general representing DMV both appeared and argued on behalf of the state. For convenience, we refer to them collectively as the state.

[4] ORS 813.645 provides, in part:

"(1) A defendant may apply by motion to the court in which a driving while under the influence of intoxicants diversion agreement described in ORS 813.230 was entered for an order vacating the requirement to install and use an ignition interlock device if the defendant:

"(a) Has complied with the condition of the diversion agreement described in ORS 813.602(3) for at least six consecutive months and provides a certificate to the court from the ignition interlock device manufacturer's representative stating that the device has not recorded a negative report; and

"(b) The defendant has entered into and is in compliance with any treatment program that the person is required to participate in as a condition of diversion."

[5] The trial court also rejected the state's argument that the court lacked the statutory authority to order DMV, which was not a named party in the case, to remove the IID requirement, concluding that it "retains the authority to determine the duration and vitality of its own orders." The state does not renew that argument on appeal, and therefore we do not address it.

"By its terms, ORS 813.635[(1)] only continues 'the requirement to have an ignition interlock [device] installed in a vehicle.' Notably, there is no statutory provision requiring participants in the diversion program to install an IID; rather the court must order diversion participants to install an IID in any vehicle a diversion participant drives during the diversion period. ORS 813.602(3). If the participant does not drive during the diversion period, there is no statutory or court-ordered requirement to install an IID, and therefore no requirement to continue under ORS 813.635[(1)].

"\* \* \* \* \*

"Nowhere in the statutory scheme does the Legislature expressly require diversion participants to install an IID. It is indisputable that diversion participants may comply with their diversion agreement, including the court's order under ORS 813.602(3), by not driving any vehicle during the diversion period. It is inconsistent with the text and context of the statutes to infer a requirement to install an IID into ORS 813.635[(1)], which according to its terms, imposes consequences for negative reports, not for refraining from driving during the diversion period.

"\* \* \* \* \*

"This Court concludes that the court order, imposed as a condition of entry into the DUII diversion program, requiring diversion participants to install an IID in any vehicle the participant drives during the diversion period is extinguished when the diversion participant successfully completes diversion resulting in dismissal of the DUII charge and the participant did not drive during the diversion period. Accordingly, defendants' motions are GRANTED."

(Uppercase in original; footnote omitted.)

On appeal, the parties renew their arguments on the statutory framework governing the IID requirement. To gain a wider perspective on the issue before us, we asked the Oregon Criminal Defense Lawyers Association (OCDLA) to consider filing an *amicus curiae* brief, which it did. OCDLA largely reinforces defendants' argument that, successful diversion participants who did not drive during their diversion agreement periods are not required to install and use an IID. ORS 813.635(1) continues an existing requirement

to install an IID and does not, OCDLA argues, retroactively create an obligation to install a device, when such a duty did not previously exist. As a matter of legislative intent, OCDLA contends that the statute's use of the definite article "the" and the word "continues," both support defendants' interpretation because they "presuppose a pre-existing installation requirement and existing device." In other words, a diversion participant's duty to install and use an IID is triggered only when she or he operates any vehicle during the diversion agreement period. Consequently, OCDLA asserts that a "diversion participant who does not drive is never *required* to install an IID, because she never has a duty to install under the express condition for vehicles 'operated by the person during the period of the agreement.'" (Emphasis in original.)

The parties' dispute presents a question of statutory construction, which we review for errors of law. *OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 585, 341 P3d 701 (2014). When interpreting a statute, our goal is to ascertain the legislature's intent by examining the statute's text, context, and any relevant legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

## INTERLOCK IGNITION DEVICE (IID) STATUTORY FRAMEWORK

To give context to the current IID framework, we begin by describing the framework as it existed before the legislature's 2015 amendments. *See Gaines*, 346 Or at 171-72 (explaining that a court may consider pertinent legislative history to determine the legislature's intent).

Under the pre-2015 framework, the IID notation placed on a person's driving record automatically expired once the person was no longer required to use an IID. That is, the length of the IID requirement depended on the nature of the DUII violation. *See* ORS 813.602 (2013) (outlining the length of time required to "install and use an approved ignition interlock device" depending on whether it was a person's first conviction, subsequent conviction, or if the person entered diversion). After a court ordered the installation of an IID, ORS 813.604(1) (2013) required the court to "send a copy of the order" to DMV and required

DMV to "note the requirement on the driving record of the person required to install the device." For DMV's purposes, there was a "set end date on the ignition interlock requirement" and DMV's computer system automatically removed the IID notation from a person's driving record once the relevant length of time in ORS 813.602 had passed. Testimony, Senate Committee on Judiciary, SB 397, Apr 9, 2015 (statement of Amy Joyce, Legislative Liaison for the Oregon Department of Transportation) (commenting on DMV's computer programming system and how "one day [the IID is] required, the next day the computer tells the record it's no longer required"). Thus, under the pre-2015 framework, there was a "wait-out" period whereby defendants— including diversion participants—could avoid driving during the "wait-out" period, never install an IID, and the notation on their driving record requiring installation of an IID would automatically be removed regardless of whether the person ever used an IID.

The 2015 amendments to the IID framework removed the "wait-out" period. Part of the amendments in Senate Bill (SB) 397, an omnibus IID bill, created the 90-day requirement now in ORS 813.635. According to the staff measure summary for SB 397, "a person may not have their IID removed until they demonstrate ninety days without a negative report. This requirement applies regardless of whether the person is a diversion participant or has been convicted of DUII." The parties and *amicus* agree that the legislature enacted ORS 813.635 with the intent of closing the IID wait-out loophole that existed prior to the statute's enactment. The parties disagree, however, on whether the legislature—in closing the wait-out loophole—specifically addressed diversion participants who decided not to drive during their diversion period. Although we agree with defendants that the statute's legislative history does not conclusively establish that the legislature contemplated diversion participants like defendants, our review of the text and context of ORS 813.635 in light of the legislative history persuades us that the legislature intended that diversion participants comply with the statute's requirement for 90 days without a negative report before DMV can remove the notation from a participant's driving record.

As was true before the 2015 amendments, diversion participants under the current framework are subject to the requirements outlined in ORS 813.602(3)(a), which provides, in part:

"[A]s a condition of a driving while under the influence of intoxicants diversion agreement:

"(A)  The court shall require that an approved ignition interlock device be installed and used in any vehicle operated by the person during the period of the agreement when the person has driving privileges if:

"(i)  A chemical test of the person's breath or blood disclosed a blood alcohol content of 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood[.]"

Similarly, ORS 813.604(1) requires, just as it did before the 2015 amendments, that:

"When a court orders installation of an ignition interlock device pursuant to ORS 813.602, the court shall send a copy of the order to the Department of Transportation. The department shall note the requirement on the driving record of the person required to install the device."

Thus, the 2015 amendments kept the same requirements for diversion participants to receive an IID notation on their driving record once they enter diversion. Importantly, however, the 2015 addition of ORS 813.635 created an additional step before DMV can remove the IID notation. ORS 813.635(1) provides:

"Notwithstanding ORS 813.602(1)(b) or (c), (2) or (3), the requirement to have an ignition interlock device installed in a vehicle continues until the person submits to the Department of Transportation a certificate from the ignition interlock device manufacturer's representative stating that the device did not record a negative report for the last 90 consecutive days of the required installation period. The department shall remove the ignition interlock device requirement from the person's driving record as soon as practicable after the department receives the certificate."

Now there is no longer an automatic removal of the IID requirement from a driving record. Instead, under the plain terms of ORS 813.635(1), DMV may not remove the IID

notation until it has received a certificate stating that the IID did not record a negative report for 90 consecutive days.

## ANALYSIS

Defendants nonetheless assert that, because ORS 813.602(3)(a)(A) specifically provides that a court "shall require" the installation and use of an IID "in any vehicle operated by the person during the period of the agreement when the person has driving privileges," the 90-day requirement in ORS 813.635(1) does not apply to diversion participants who decide not to drive. The trial court likewise focused on whether the requirement in ORS 813.635(1) continued beyond the completion of the diversion period. That focus, however, is misplaced. Whether ORS 813.635(1) continues beyond the diversion period does not specifically address the question of whether the IID requirement is removed from someone's DMV record. As noted earlier, defendants neither challenge the initial DMV notations that were placed on their records in accordance with ORS 813.604(1) nor dispute that ORS 813.635(1) explicitly provides for the removal of that notation "after the department receives the certificate" from an IID manufacturer's representative "stating that the device did not record a negative report for the last 90 consecutive days of the required installation period." Thus, the focus by defendants and the trial court on whether a driver is required to install an IID under ORS 813.602(3) if that person chooses not to drive during the diversion period fails to account for the legislature's specific provision addressing the removal of the IID notation on a driving record.

Moreover, ORS 813.635(1) contains an important notwithstanding clause that effectively maintains the obligations under ORS 813.635(1) despite any language to the contrary under ORS 813.602(3)—one of the statutes listed in the notwithstanding clause. *See O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993) ("The function of a 'notwithstanding' clause in [a] statute is to except the remainder of the sentence containing the clause from other provisions of a law that is referenced in that particular notwithstanding clause."). The notwithstanding clause excepts ORS 813.602(3) but otherwise maintains the IID requirement: "Notwithstanding" ORS 813.602(3), among other

provisions, "the requirement to have an ignition interlock device installed in a vehicle continues until" the driver submits to DMV a certificate from the IID's manufacturer's representative that shows that the device did not record a negative report for 90 consecutive days. In short, even assuming defendant's construction of ORS 813.602(3) is correct and that defendants who do not drive do not need to install an IID during their diversion period, the text of ORS 813.635(1) establishes that the notation requiring the use and installation of an IID remains on a diversion participant's driving record until the participant presents a certificate stating that the IID did not record a negative report for 90 consecutive days.[6]

Accordingly, because defendants must comply with the requirement in ORS 813.635(1), the trial court erred in granting defendants' motions to remove the IID requirement from their driving record.

Reversed and remanded.

---

[6] We recognize that this interpretation may exacerbate inequities built into the statutory framework for diversion. Oregonians who choose not to drive during the course of diversion—either through economic necessity due to the costs of installing and maintaining an IID or because of other costs associated with diversion—cannot remove the notation from their driving record until they do so. Because those costs are embedded in the statutory framework, it is up to the legislature to address those economic realities if it so chooses.