278

Argued and submitted October 29, 2004, affirmed April 27, 2005

## STATE OF OREGON,
### *Respondent,*

*v.*

## KERMIT KING,
### *Appellant.*

## PR124099; A118479

111 P3d 1146

Michael E. Rose argued the cause for appellant. With him on the briefs was Steenson, Schumann, Tewksbury & Rose, P.C.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

### EDMONDS, P. J.

Defendant appeals after being found guilty of violating *former* ORS 811.123 (2001), *repealed by* Or Laws 2003, ch 819, §§ 19, 21, for operating a motor vehicle 52 miles per hour in a 40 mile per hour designated zone. His vehicle's speed was clocked by a photo radar device. On appeal, he makes four assignments of error. We affirm.

In April 2002, a City of Portland Police Officer was operating a photo radar device on a city street. Defendant is the registered owner of a vehicle that was detected by the device to be traveling at a speed of 52 miles per hour in a 40 mile per hour zone. The officer issued a citation to defendant by signing it and sending it to the vendor of the photo radar device who mailed it to defendant's address as shown on his motor vehicle records.

■ Defendant first assigns error to the denial of his motion to quash service of the citation on the basis that the mode of service was not constitutionally permissible under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant concedes that ORS 810.439(1)(a)(E) authorizes service of a citation issued on the basis of photo radar by first class mail to the registered owner of the vehicle. However, he asserts that the notice given by such service under the statute, without using a certified or registered mail service, does not make it reasonably probable that the person proceeded against is reasonably apprised of the substance of the proceeding against the person and is provided the opportunity to defend. An additional deficiency in the statutorily authorized method of service, according to defendant, is that it is not reasonably probable that service by first class mail on the registered owner of the vehicle detected by a photo radar apprises the person who was actually driving the vehicle at the time of the alleged violation.

■ ■ In general, "due process" under the Fourteenth Amendment is a flexible concept that "calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 US 471, 481, 92 S Ct 2593, 33 L Ed 2d 484 (1972). To determine what procedural protections are required in a particular context, the applicable test is that

articulated in *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976):

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

Applying the above criteria, traveling 11 to 20 miles per hour in excess of a posted speed limit maximum constituted a Class C traffic violation under ORS 811.109 (2001), *amended by* Or Laws 2003, ch 819, § 17. A Class C traffic violation carried a maximum fine of $150. ORS 153.018(2)(c) (2001), *amended by* Or Laws 2003, ch 737, § 103. Thus, the effect on the private interest potentially affected by the official action authorized by the statute is not grievous and is pecuniary in nature.

With regard to the second prong of the test, ORS 153.105 (2001) could apply when a defendant in a violation proceeding has failed to appear as required by the citation:

"If a default judgment is entered against a defendant under ORS 153.102, the court may relieve a defendant from the judgment upon a showing that the failure of the defendant to appear was due to mistake, inadvertence, surprise or excusable neglect."

The 1995 legislature's authorization of the use of photo radar for the following purposes is demonstrative of the government interest involved:

"Whereas speeding by drivers of motor vehicles creates serious safety concerns in Oregon's local communities and is a frequently occurring driver error-related cause contributing to crashes; and

"Whereas local governments require new tools to enforce speeding laws that they are currently unable to enforce due to a lack of personnel and other hindrances; and

"Whereas 'photo radar' is a system that combines a photograph of a vehicle and its driver with a record of speed

checked by radio microwaves or other electrical device staffed during operation by a police officer; and

"Whereas the use of photo radar may enable local governments to enforce speeding laws and improved safety in local communities[.]"

Or Laws 1995, ch 579. Service of citations issued under the statute by first class mail rather than by more expensive means furthers the legislature's interest in providing for a cost-efficient method of achieving the aims of the legislation.

Defendant next argues that the identity of the individual driving the vehicle at the time of the detection does not necessarily follow from the identity of the registered owner of the vehicle. But that potential problem exists no matter how the citation is served. Moreover, the legislature enacted a number of safeguards concerning the use of photo radar. *See* ORS 810.439. The equipment must be operated by a uniformed police operator out of a marked police vehicle on the site, the actual speed of the vehicle must be displayed within 150 feet of the location of the photo unit, and signs warning of the use of photo radar are to be posted on all major routes within the jurisdiction. More important to the issue of notice and the ability to defend, the device takes a photo of the vehicle and its occupant, the citation must be mailed to the registered owner within six business days of the alleged violation, and the registered owner is given 30 days from the date the citation is mailed to respond to it. On balance, we conclude that the statute, as applied to defendant, satisfies due process concerns under *Mathews*.

■ We turn next to defendant's second assignment of error in which he argues that the citation should have been dismissed pursuant to ORS 153.045(5), which requires that an officer certify that the "officer has reasonable grounds to believe, and does believe, that the person named in the complaint committed the violation specified in the complaint." According to defendant, the officer who issued the citation could not have complied with the statute because "[t]he only information that the officer had when she issued the citation and signed the certificate was that the vendor of the photo-radar device identified the above-named defendant as the registered owner of the vehicle, and the registered owner so

identified and the driver were of the same gender." However, ORS 153.045(5) does not apply to defendant's case because ORS 810.439 authorizes a procedure for the issuance of citations based on photo radar "[n]otwithstanding any other provisions of law." As we said in *State v. Kolisch*, 185 Or App 418, 423, 60 P3d 576 (2002), "[t]hat means that, regardless of what *any* other provision of law * * * may say to the contrary, only the enumerated seven conditions [in ORS 810.439] are required for the issuance of a valid speeding citation based on photo radar evidence."[1] (Emphasis in original.)

■       Defendant's final assignments of error concern the denial of his motion for a judgment of acquittal based on a purported failure of proof by the state. ORS 136.445 provides that a court shall grant such a motion "if the evidence introduced theretofore is such as would not support a verdict against the defendant." According to defendant, there is no evidence that the citation was ever mailed in a timely fashion to him, or that the actual speed of his vehicle was displayed within 150 feet of the location of the photo radar detection device. The state responds that the statutory scheme adopted by the legislature does not require it to prove those facts as part of its *prima facie* case; rather *former* ORS 811.123 (2001) defines the elements that it must prove.

■■       What is required to prove a violation of a statute enacted by the legislature at trial is a question of legislative intent subject to the usual rules of statutory construction. We begin with the texts of the applicable statutes, including their relevant contexts, presuming that the words used by the legislature are intended to be given their ordinary meaning. ORS 810.438 authorizes certain jurisdictions within the state to use photo radar devices and provides for certain limitations on their use by those jurisdictions. ORS 810.439(1)(a) provides that "[a] citation for speeding may be issued on the basis of photo radar if the following conditions are met[.]" The statute then lists seven conditions. The two purported deficiencies in the state's proof asserted by defendant find their basis in two of those paragraphs, subparagraphs (1)(a)(E)

---

[1] In *Kolisch*, the defendant contended that the requirements of ORS 810.438 must be considered as additional requirements for the issuance of a valid citation under ORS 810.439, a contention that we rejected.

and (1)(a)(C). Also, ORS 810.439(4) provides that "[t]he penalties for and all consequences of a speeding violation initiated by the use of photo radar are the same as for a speeding violation initiated by any other means." *Former* ORS 811.123 (2001) provided that "[a] person commits the offense of violating a maximum speed limit in an urban area if the person drives a vehicle upon a highway in any city or upon a highway within urban growth boundary * * * at a speed greater than any speed posted by authority granted under ORS 810.180 * * *."

When read together, the intent underlying the above statutes is evident. ORS 810.438 and ORS 810.439 were intended to authorize a new method, in addition to existing methods, by which traffic violations could be discovered by police and prosecuted. In effect, they are precitation procedural statutes for the use of photo radar as a means of detection of violations under the previously existing version of ORS 811.123 that the legislature intended to fold into the existing statutory framework, as distinguished from substantive requirements for the commission of the offense itself. It is clear that the legislature, when it enacts a statute prohibiting certain conduct, knows how to add elements to an offense or to create a defense or an affirmative defense to an offense. *See, e.g., State v. Vasquez-Rubio*, 323 Or 275, 280-81, 917 P2d 494 (1996). Here, however, the legislature chose to make the conditions listed in ORS 810.439 conditions precedent for the issuance of a citation. There is no indication from the language of the above statutes that the legislature intended to add to the elements of ORS 811.123 (2001) when it promulgated the requirements of ORS 810.439 or to require the state to prove such additions at trial. It follows that the trial court did not err in denying defendant's motions for a judgment of acquittal based on the insufficiency of the evidence produced by the state in its case-in-chief.

So when, then, in the course of the prosecution of a traffic violation did the legislature intend that challenges under ORS 810.439 could be raised? In general, ORS 153.042 to 153.064 establish requirements and procedures for the issuance of accusatory instruments for traffic violations. The "[n]otwithstanding any other provision of law" preface in

ORS 810.439 evidences that the legislature had other existing procedural statutes in mind when it added the requirements of ORS 810.439 to the law. It follows then that the appropriate time to challenge the existence of the conditions precedent to the issuance of the citation is in a pretrial motion aimed at the efficacy of the charging instrument. Here, in fact, defendant filed such a motion when he moved to quash the service of the summons on the sole ground that it was not constitutionally permissible. He did not at that time, however, challenge the statutory conditions precedent to the issuance of the citation and, thus, there was nothing before the trial court that required a ruling on those issues at that time.

We reject defendant's other arguments without further discussion.

Affirmed.