Argued and submitted June 23, reversed and remanded December 30, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN DALY,
*Defendant-Appellant.*

Multnomah County Circuit Court
PR00546797; A156494

365 P3d 1177

Michael E. Rose argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for violating the posted speed limit, ORS 811.111(1)(a), by driving 38 miles per hour in an area with a posted speed limit of 25 miles per hour, a Class C traffic violation, ORS 811.111(2); ORS 811.109(1)(b). In his first assignment of error, defendant, who was issued the ticket through photo radar, ORS 810.439, assigns error to the trial court's denial of his pretrial motion to dismiss or quash the citation. Additionally, in his second and third assignments of error, defendant argues that the trial court erred by allowing the state to prove at trial that the citation was mailed within six business days of the alleged violation with inadmissible hearsay. We conclude that the pretrial motion to dismiss or quash the citation should have been ruled on pretrial, and that the evidence presented by the state at trial to prove that the citation was mailed within six business days was hearsay and the state did not show that it was admissible. Thus, we reverse and remand.

Defendant was spotted in Portland driving in excess of the speed limit by Officer Villanti, who was in a marked photo radar van. The equipment in the photo radar van detected a Jeep traveling at 38 miles per hour in a 25 mile per hour work zone and photographed the Jeep and its license plate. Villanti confirmed that the photographed Jeep was the violating vehicle and noted it in his observation log. Pursuant to the photo radar statutes, ORS 810.438 and ORS 810.439, a citation was subsequently sent to the registered owner of the Jeep via U.S. mail by Xerox State and Local Solutions, Inc. Xerox had been hired by the City of Portland police to mail out the citations within the six-day time limit required by ORS 810.439(1)(a)(E). When defendant received the citation in the mail, he elected to plead not guilty and requested a trial.

Before setting forth the parties' arguments and the trial court's ruling in this case, we pause to provide, as background, a brief overview of the photo radar statutes that are relevant in this case. "Except as provided in ORS 810.439 * * * or other law, an enforcement officer issuing a

violation citation shall cause the summons to be delivered to the person cited[.]" ORS 153.054. ORS 810.439(1)(a)(E) provides that "[a] citation for speeding may be issued on the basis of photo radar if," among other things, "[t]he citation is mailed to the registered owner of the vehicle within six business days of the alleged violation." Additionally, ORS 810.439(1)(b) provides: "A rebuttable presumption exists that the registered owner of the vehicle was the driver of the vehicle when the citation is issued and delivered as provided in this section." Finally, ORS 810.439(1)(c) allows a person who is issued a citation under subsection (1) to respond to the citation by any "response allowed by law."

In *State v. King*, 199 Or App 278, 111 P3d 1146, *rev den*, 339 Or 544 (2005), we discussed the procedural differences of a motion to dismiss and a motion for a judgment of acquittal in the context of the photo radar statutes. After we interpreted the provisions of ORS 810.439(1)(a), we concluded that "the legislature chose to make the conditions listed in ORS 810.439 conditions precedent for the issuance of a citation." *Id.* at 284. The defendant in *King* had moved pretrial to quash the service of the summons, but only argued that such service was not constitutionally permissible. *Id.* at 285. The defendant "did not at that time, however, challenge the statutory conditions precedent to the issuance of the citation and, thus, there was nothing before the trial court that required a ruling on those issues at that time." *Id.* Rather, in *King*, the defendant challenged the state's failure to prove the conditions precedent in a motion for a judgment of acquittal. *Id.* at 283. We noted, however, that the state is not required to prove those conditions precedent at trial. *Id.* at 284. Once we concluded that the state is not required to prove the conditions precedent under ORS 810.439(1)(a) at trial as elements of the actual statutory violation, we then concluded that the "trial court did not err in denying defendant's motions for a judgment of acquittal based on the insufficiency of the evidence produced by the state in its case-in-chief." *Id.* As a result, we concluded that "the appropriate time to challenge the existence of the conditions precedent to the issuance of the citation is in a pretrial motion aimed at the efficacy of the charging instrument." *Id.* at 285.

We now return to the facts of this case. Here, as noted, before trial, defendant challenged the efficacy of the charging instrument by filing a pretrial motion to dismiss or quash the citation. Defendant, citing *King*, argued to the trial court that "[t]here is, in the record presently before the trial court, no evidence that any of the conditions precedent have been satisfied. The burden is on the plaintiff to prove the existence of the conditions precedent." The trial court denied the pretrial motion stating, "that's a misreading of *State v. King*. The State's allowed to establish the various condition[s] precedent to issuing the ticket at the time of trial. They don't have to prove that prior to trial."[1]

At trial, defense counsel informed the court that the judge who ruled on the pretrial motion to dismiss or quash the citation "explained that essentially that motion was premature, and that I would be able to make that motion as part of the motion for judgment of acquittal." Defense counsel continued, stating that he "had filed a pretrial motion challenging the efficacy of the ticket," and the judge who ruled on the pretrial motion to dismiss or quash the citation "ruled that I would be able to make that challenge after the officer's testimony."[2] The court noted defendant's request, and then the court allowed Villanti to proceed with the state's case-in-chief before ruling on defendant's motion.

Villanti testified that the citation was sent "via the U.S. mail on September 4th, 2013." Defense counsel objected, stating that Villanti's testimony "is hearsay" because the person who sent the ticket "is not present." The trial court

---

[1] Two judges were involved in this case. The judge who presided over the pretrial hearing on defendant's motion to dismiss or quash the citation was Judge Lawrence Weisberg. The judge who presided over the trial was Judge Terry Hannon.

[2] Defendant's motion to dismiss the citation challenged whether the state had satisfied the conditions precedent to the issuance of the citation. After it was denied pretrial, it was later raised during trial and styled as a motion for judgment of acquittal; however, the parties understood that the restyled motion raised the same challenge to the conditions precedent that had been raised in the motion to dismiss. As we explain later in the opinion, a motion for judgment of acquittal is not the proper procedural vehicle to challenge the existence of the conditions precedent. Thus, we refer to the motion challenging the existence of the conditions precedent throughout the remainder of this opinion as a motion to dismiss because that is the correct motion in form and substance for this type of challenge.

overruled defendant's hearsay objection, concluding that "the legislature has already made an exception to it by this whole statute. There's all kinds of hearsay in this statute."

Villanti then offered a "notarized business document, indicating the mailing of the citation." Defense counsel renewed his hearsay objection, contending that "a document certifying it has been mailed does not—does not defeat the hearsay objection." Defense counsel continued, stating that "without the person who personally mailed that certified mailing here to testify that they did so, I would—I would object to that evidence being admitted." The trial court noted defendant's objection and admitted the exhibit, implicitly overruling defendant's objection.

At the conclusion of Villanti's testimony, defendant renewed his earlier arguments from his motion to dismiss the citation. Specifically, defendant argued that "despite the certification * * * there is a lack of proof of mailing in this case" because the state did not produce "any envelopes or anything of that nature to prove that this ticket was, in fact, mailed at all." The trial court responded, stating that "the officer did testify that he mailed it within the * * * specific number of days * * * to the registered owner * * * [and] the statute provides for * * * using U.S. mail." Ultimately, the trial court ruled that it was "satisfied [with] the way this statute is written, it's just like a checklist. All the officers have to prove is what the statute specifically enumerates has to be provided to support their conviction. And I'm satisfied the officer has done that. So I'm going to find the defendant guilty."

In the first assignment of error on appeal, defendant argues that the trial court erred when it denied his pretrial motion to dismiss the citation without considering the merits, because the trial court concluded that the motion was raised prematurely. Specifically, defendant argues that the trial court was required to consider whether the state had satisfied the condition precedent to the issuance of a citation, under ORS 810.439(1)(a)(E), to mail the citation to the registered owner of the vehicle within six business days of the alleged violation. We note that, on appeal, defendant does not dispute that the citation was actually mailed;

rather, defendant asserts only that the state failed to prove that the citation was mailed within six business days of the alleged violation. The state responds by citing *King*, contending that, although "a defendant may raise this sort of challenge in a 'pretrial motion,'" a defendant is not entitled to have his motion to dismiss the citation considered and ruled on at a pretrial hearing and, thus, the trial court did not err because "it simply deferred considering and ruling on that motion until the case was called for trial, at which point the court did consider and rule on the motion."

We agree with defendant that the trial court should have considered the merits of his pretrial motion to dismiss. As we noted above in our discussion of *King*, the state is not required to prove the condition precedent for the issuance of a citation under ORS 810.439(1)(a)(E) as part of its *prima facie* case, so a motion for a judgment of acquittal is not the proper procedural vehicle for that type of challenge. We thus conclude that defendant's pretrial motion to dismiss was an appropriate procedural vehicle to challenge the state's proof of that condition precedent, and that the court erred in denying the motion as premature.

Nevertheless, defendant has not showed any prejudice resulting from that error because he had the opportunity to litigate his motion to dismiss at trial. Accordingly, we must now consider defendant's second and third assignments of error related to the court's subsequent consideration at trial of the condition precedent. After relying on hearsay evidence during trial, the court ruled that the state had proved the condition precedent. According to defendant, that hearsay evidence was inadmissible and therefore was insufficient to establish the existence of the condition precedent. For its part, the state concedes that its proof of the condition precedent offered through Villanti's testimony and the notarized business document, indicating the mailing of the citation, was hearsay that would be inadmissible under the Oregon Evidence Code. That is, it concedes that Villanti's testimony was hearsay and that under the business records exception, OEC 803(6), the notarized business document would also be inadmissible because the custodian of the record did not testify, and, thus, the foundational

requirement for the business record exception to the hearsay rule was not met.[3] We agree and accept the state's concession. Thus, the only evidence introduced at trial to prove that the state had mailed the citation to defendant within six business days of the alleged violation was inadmissible hearsay.

Nevertheless, the state contends that the Oregon Evidence Code does not apply to such a challenge under ORS 810.439(1)(a)(E). The state cites OEC 104(1) and OEC 101(4)(a), arguing that defendant's "motion raised the sort of pretrial 'preliminary question' that was to be 'determined by the court' prior to trial and for which 'the court is not bound by the *rules of evidence,*'" and "[t]he happenstance that the trial court chose to hear evidence on and resolve that issue *during* trial does not preclude application of the exception in OEC 104(1)." Defendant responds that the state's proof that the precondition was met is subject to the rules of evidence because it does not fall into one of the specifically enumerated exceptions in OEC 101. We agree with defendant and conclude that the exception for questions concerning the admissibility of evidence under OEC 101(4)(a) is inapplicable because defendant's motion to dismiss the citation does not challenge the admissibility of evidence.

The Oregon Supreme Court has held that "the Oregon rules of evidence apply in traffic infraction proceedings." *State v. Hovies,* 320 Or 414, 418, 887 P2d 347 (1994). Under OEC 802, "[h]earsay is not admissible except * * * as otherwise provided by law." OEC 101(4)(a) is such an exception to the hearsay rule and applies to "[t]he determination of questions of fact preliminary to the admissibility of

---

[3] OEC 803 provides, in part:

"The following are not excluded by [OEC 802, the hearsay rule,] even though the declarant is available as a witness:

"* * * * *

"(6) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness."

evidence when the issue is to be determined by the court under [OEC 104(1)]." OEC 104(1) provides that "[p]reliminary questions concerning *** the admissibility of evidence shall be determined by the court, *** [and] [i]n making its determination the court is not bound by the rules of evidence except those with respect to privileges." In *State v. Wright*, 315 Or 124, 129, 843 P2d 436 (1992), the Supreme Court concluded that "a hearing on a motion to suppress evidence involves a preliminary question of fact concerning the admissibility of evidence to which OEC 104(1) applies. That being so, the hearsay rules of the Oregon Evidence Code do not apply therein. OEC 101(4)(a)."

Here, defendant's pretrial motion to dismiss the citation did not concern the admissibility of evidence like a motion to suppress; rather, as noted above, the purpose of the pretrial motion to dismiss in this case was to challenge the existence of the conditions precedent to the issuance of the citation. Specifically, defendant's pretrial motion to dismiss was aimed at the efficacy of the citation and challenged whether the citation was mailed to defendant within six business days of the alleged violation. Thus, the exception for questions concerning the admissibility of evidence under OEC 104(1) and OEC 101(4)(a) is inapplicable because defendant's motion to dismiss the citation does not challenge the admissibility of evidence.

We conclude that the pretrial motion to dismiss the citation should have been ruled on pretrial, and the state has not shown that the hearsay evidence presented at trial was admissible to prove the condition precedent. Therefore, the evidentiary error was not harmless and we must reverse and remand.

Reversed and remanded.