Argued and submitted June 14, 2016, reversed April 26, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAYNANTHONY TYLER,
*Defendant-Appellant.*

Multnomah County Circuit Court
15VI00367; A159395

395 P3d 69

Emery Wang argued the cause and filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**TOOKEY, J.**

Defendant appeals a judgment convicting him of ORS 814.070(1)(a),[1] "pedestrian with improper position upon or improperly proceeding along a highway," assigning error to the trial court's denial of his motion for judgment of acquittal. Defendant argues that the legislature did not intend for ORS 814.070(1) to apply to pedestrians who are in the process of crossing the roadway. We agree with defendant; ORS 814.070(1) was not intended to apply to pedestrians who are in the process of crossing the roadway, and there is insufficient evidence in the record for the court to find that defendant was "improperly proceeding along" the roadway. ORS 814.070(1). Accordingly, we reverse.

In reviewing a motion for judgment of acquittal, "we state the facts in the light most favorable to the state." *State v. Massei*, 247 Or App 30, 32, 268 P3d 774 (2011). Southeast Division Street in Portland, Oregon, runs east-west. Southeast 121st Avenue runs north from where it intersects with Southeast Division Street. Division is a four-lane road with two lanes of travel in each direction that are separated by a median lane that can be used by cars turning left off of Division onto the side streets. In this case, a car that had been traveling eastbound on Division pulled into the median lane to turn left onto 121st. Defendant was walking westbound on Division and he started crossing 121st. As defendant "was walking diagonally northbound across" 121st, he was struck by the car turning left off of Division onto 121st. Defendant was approximately 20 feet north of where 121st intersects with Division when he was struck by the car. Officer Schmautz arrived at the accident scene and issued defendant a citation for being a pedestrian in an improper position upon, or improperly proceeding along, a roadway in violation of ORS 814.070(1).

After the state presented its case, defendant moved for judgment of acquittal. Defendant, quoting *State v. Tyler*,

---

[1] ORS 814.070(1) provides, in part,

"A pedestrian commits the offense of pedestrian with improper position upon or improperly proceeding along a highway if the pedestrian does any of the following:

"(a) Takes a position upon or proceeds along and upon the roadway where there is an adjacent usable sidewalk or shoulder."

168 Or App 600, 607, 7 P3d 624 (2000), argued that ORS 814.070(1) "describes various prohibited methods of walking along a highway," but does not apply to a pedestrian "crossing a street at a place other than a crosswalk, other than at right angles." Defendant continued, asserting that the court could not find him guilty of violating ORS 814.070(1) because "the only thing that the state has shown that [defendant] has done, [is] that he's crossed the street *** not in the crosswalk, and *** not at a right angle." The trial court rejected defendant's reliance on *Tyler* and ruled that,

"for purposes of [ORS 814.070(1)], *** [defendant] was walking diagonally across the street in the lane of traffic, and not in a position along and upon any shoulder, as far as practicable away from the traveled roadway, and *** not near the edge. [Defendant] was not using any available shoulder or whatever sidewalk was available to him. And he was certainly not near the side. And that he is in violation of [ORS] 814.070. And by a preponderance of the evidence I find him guilty."

On appeal, defendant reprises his argument that "[t]he [s]tate has failed to show that defendant has violated *** ORS 814.070, which prohibit[s] various ways of walking along or standing on a roadway, but does not apply to the crossing of a street." The state contends that the trial court correctly denied defendant's motion for judgment of acquittal because "[t]he state presented testimony that defendant was crossing 121st 'diagonally northbound' *** and that 121st runs north-south." The state asserts that that evidence "entitled a factfinder to find that defendant was walking 'along' 121st at the time, in the sense that he was generally moving in the same direction that the roadway follows."

In a case like this one, involving a violation as opposed to a crime, "[w]hat is required to prove a violation of a statute enacted by the legislature at trial is a question of legislative intent subject to the usual rules of statutory construction." *State v. King*, 199 Or App 278, 283, 111 P3d 1146, *rev den*, 339 Or 544 (2005). After we settle the legal issue of what is required to prove a violation of a statute, we view the evidence in the light most favorable to the state to determine whether the court could have found that the

essential elements of the violation had been proved by "a preponderance of the evidence." ORS 153.076(2).

The issue on appeal centers on what is required to prove that defendant improperly "proceed[ed] along" 121st. ORS 814.070(1)(a).[2] As noted, our first task is to ascertain the legislature's intentions by applying the "usual rules of statutory construction." *King*, 199 Or App at 283. "We ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

We start with the statutory text of ORS 814.070 because it is "the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). As previously noted, ORS 814.070 provides, in part:

"(1)   A pedestrian commits the offense of pedestrian with improper position upon or improperly proceeding along a highway if the pedestrian does any of the following:

"(a)   Takes a position upon or proceeds along and upon the roadway where there is an adjacent usable sidewalk or shoulder."

The term "along" is not statutorily defined so we look to dictionary definitions to ascertain the plain meaning of that term. *See Gaines*, 346 Or at 175 (using dictionary definitions to discern the plain, natural, and ordinary meaning of terms). As we will discuss, in this context, an appropriate definition for the ordinary meaning of "along" is "in a line parallel with the length or direction of * * * distinguished from *across*." *Webster's Third New Int'l Dictionary* 60 (unabridged ed 1993) (emphasis in original). Thus, proceeding "along" a roadway is not synonymous with proceeding "across" a roadway. *Id.*

---

[2] Defendant does not dispute that he was "upon the roadway where there is an adjacent usable sidewalk or shoulder" and the state makes no argument regarding defendant taking a "position upon" the roadway. ORS 814.070(1)(a). Below, and again on appeal, the parties disputed only whether defendant was "proceed[ing] along" the roadway and the trial court's ruling was made on that ground. Thus, we address only the issue of what is required to prove that a defendant "proceeds along" a roadway. *Id.*

As the context reveals, in enacting ORS 814.070 the legislature was primarily concerned with people walking along the roadway when there is a "usable sidewalk or shoulder," ORS 814.070(1)(a), and pedestrians staying "as far as practicable from the roadway edge" when the highway has an "adjacent shoulder area on one or both sides." ORS 814.070(1)(b). Nothing in the immediate context of ORS 814.070(1) suggests that it was intended to apply to pedestrians walking across a roadway. Rather, the immediate context suggests that the legislature intended to prohibit pedestrians from proceeding upon the roadway "in a line parallel with the length or direction of" the roadway when there is a usable sidewalk or shoulder. *Webster's* at 60.

For example, ORS 814.070(1)(d) provides that a pedestrian commits the offense of "improper position upon or improperly proceeding along" a highway if the pedestrian "[d]oes not * * * proceed along and upon the right highway shoulder, as far as practicable from the roadway edge, on a divided highway that * * * does have a shoulder area." And, in the case of "a highway that has neither sidewalk nor shoulder available," ORS 814.070(1)(e) provides that a pedestrian commits the offense of "improper position upon or improperly proceeding along" a highway if the pedestrian "[f]ails to * * * proceed along and upon" the roadway "as near as practicable to an outside edge of the roadway."

The exceptions to compliance with the provisions of ORS 814.070 also reveal that the legislature was primarily concerned with activities that occur "in a line parallel with the length or direction of" the roadway. *Webster's* at 60. For example, ORS 814.070(1)(c) provides an exception to compliance for hitchhikers and ORS 814.070(1)(d) provides an exception for individuals "picking up litter or removing noxious weeds on either side of the roadway." ORS 814.070(4) provides an exception for individuals "proceeding along" a "narrow residential roadway" so long as "the pedestrian does not create a traffic hazard" and "[s]igns are posted giving notice that pedestrians may be present upon or along the narrow residential roadway." Contrary to the trial court's conclusion that defendant violated ORS 814.070 by "walking diagonally across the street in the lane of traffic," none of the provisions of ORS 814.070 expressly prohibits a

pedestrian from crossing a roadway at anything other than a right angle.

In *Tyler*, 168 Or App 600, we concluded that the legislature's policy decision to decriminalize all minor traffic infractions, including pedestrian violations, preempted a Portland City ordinance that made crossing a street, other than at right angles, a crime punishable by six months' imprisonment and a fine of up to $500. In reaching that conclusion we noted that, "although th[e] [Vehicle] Code imposes a number of requirements on pedestrians, *it does not prohibit crossing the street at other than right angles.*" *Id.* at 606-07 (citing various statutes, including ORS 814.070) (emphasis added). We stated that the city ordinance was preempted because "a pedestrian * * * who walked down the middle of a street with no intention of crossing it * * * would be subject to a fine of no more than $75, while a pedestrian who crossed a street diagonally outside of a crosswalk would be subject to a fine of $500 and six months in jail." *Id.* at 608-09. Although *Tyler* is not directly on point, as it does not specifically interpret the disputed provisions of ORS 814.070 at issue in this case, it tends to undercut the trial court's conclusion and the state's argument that defendant violated ORS 814.070 by crossing the street diagonally.

As noted in *Tyler*, ORS 814.040 concerns a pedestrian's obligation to yield to vehicles when *crossing* a roadway. 168 Or App at 606. ORS 814.040(1)(b) provides that a pedestrian commits the offense of "failure to yield to a vehicle" if the pedestrian "[f]ails to yield the right of way to a vehicle upon a roadway *when the pedestrian is crossing the roadway at any point* other than within a marked crosswalk or an unmarked crosswalk at an intersection." (Emphasis added.) Based on defendant's underlying conduct, defendant may have violated ORS 814.040 if he was outside of the "unmarked crosswalk at [the] intersection" of 121st and Division when he was struck by the car. However, defendant was not cited for violating ORS 814.040, and, as we have explained, ORS 814.070 does not address a pedestrian's obligations while crossing a roadway.

Based on the text and context of ORS 814.070, we conclude that ORS 814.070(1)(a) requires the state to prove

that a pedestrian improperly "proceed[ed] along" the roadway by adducing evidence that the pedestrian's direction of travel was in a line that generally paralleled the direction of the roadway "where there is an adjacent usable sidewalk or shoulder." We now apply that understanding of the "proceeds along" element to the facts of this case to determine whether the court could have found that the essential elements of the violation had been proved by "a preponderance of the evidence." ORS 153.076(2).

The record in this case discloses certain key facts. The state's witnesses testified that defendant was crossing the road and that defendant was about 20 feet to the north of the intersection with Division when he was struck by the car while crossing 121st. That evidence suggests that defendant was, in fact, proceeding across 121st; it does not demonstrate that defendant was crossing the street at such an angle that the court could find that defendant's direction of travel was in a line that generally paralleled the northbound direction of 121st. Furthermore, the state's eyewitness testified that defendant "was walking diagonally northbound *across* [121st] at a diagonal" when he was struck by the car turning north onto 121st from Division, which also fails to demonstrate that defendant was walking in a line that generally paralleled 121st.

On this record, viewing the evidence in the light most favorable to the state, the court could not have found by the preponderance of the evidence that defendant's direction of travel was in a line that generally paralleled the northbound direction of 121st. Therefore, the trial court erred when it denied defendant's motion for judgment of acquittal.

Reversed.