Submitted June 2, affirmed September 20, 2023

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KAITLIN RENEE COY,
*Defendant-Appellant.*

### Multnomah County Circuit Court
### 21VI105849; A179312

537 P3d 178

Defendant appeals from the trial court's judgment convicting her of failure to obey a traffic control device under ORS 811.265 for running a red light. Defendant, who was issued the citation based on a photo red light camera, ORS 810.436, contends that the trial court erred in denying her motion to dismiss the citation because the state failed to prove that she was properly served with the citation. *Held*: The Court of Appeals concluded that a conviction under ORS 811.265 does not require proof that defendant was served with the citation. Although service of the citation is a condition mandated by ORS 810.436, the appropriate way to challenge the existence of that condition was in a pretrial motion. Because defendant failed to raise the issue before trial, the trial court did not err in denying defendant's motion to dismiss.

Affirmed.

Bernadette H. Bignon, Judge.

Kaitlin Coy filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from the trial court's judgment convicting her of failure to obey a traffic control device under ORS 811.265 for running a red light. Defendant, who was issued the citation based on a photo red light camera, ORS 810.436, contends that the trial court erred in denying her motion to dismiss the citation because the state failed to prove that she was properly served with the citation. As explained below, consistent with how we have decided similar challenges to a citation based on photo radar, we conclude that the court did not err in denying defendant's motion to dismiss as untimely. Accordingly, we affirm.

The relevant facts are mainly procedural and uncontested. ORS 810.434 provides that cities may operate cameras designed to photograph drivers who violate specified provisions of the traffic code, including failing to obey a traffic control device under ORS 811.265. The intersection at SE Stark Street and 99th Avenue in the City of Portland is one such intersection that is monitored by traffic control cameras that photograph vehicles when they fail to obey a traffic signal. A camera photographed a vehicle registered to defendant as it entered the intersection after the light had turned red. A citation was mailed to defendant at her registered address in Oregon City, Oregon. Defendant did not appear or respond to the citation, and the court entered a default judgment. The Notice of Conviction and Entry of Judgment was mailed to the same address in Oregon City.

Months later, the DMV sent a notice to defendant at an address in Gladstone, Oregon, notifying her that her driving privileges would soon be suspended because of the citation and her failure to appear. Defendant filed a motion for relief from the default judgment, in which she explained that she had never received the original citation. The court granted her motion, ordered relief from the default judgment, and set a date for trial.

On the day of trial, defendant had a discussion with the officer who issued the citation before trial started, which the officer then brought to the court's attention at the beginning of the hearing. The officer told the court that defendant

mentioned that she intended to call her attorney and that the officer was not sure whether defendant wanted to proceed to trial. The court asked defendant, who was appearing without counsel, whether she wanted to proceed to trial or request a setover. Defendant told the court twice that she wanted to proceed to trial. Importantly, defendant did not tell the trial court why she wanted to proceed to trial or that she was planning to challenge the requirements related to notice of the citation. The court then began the trial by explaining that the state must prove the elements of the violation by a preponderance of the evidence.

As part of its case-in-chief, the state entered into evidence the photos and video of defendant's vehicle entering the intersection after the light had turned red. In her testimony, defendant asserted that she had never received notice of the citation, which the trial court understood to be a motion to dismiss. The trial court explained that her argument needed to be raised pretrial and then explained again when it issued its ruling that issues regarding receipt of the citation could be raised only prior to the start of trial:

> "[E]ven if you had just stated it as a non-attorney prior to us getting started, I would've addressed it. And we would have had a trial on those facts. We didn't. So we are at the point of whether or not the violation of [ORS] 811.265 occurred, and I find that it did."

The court then entered a judgment of conviction for violating ORS 811.265 and imposed a fine.

On appeal, defendant renews the argument that she made below by contending that the trial court erred in denying her motion to dismiss and convicting her of violating ORS 811.265 because she never received notice of the citation. Relying on *State v. King*, 199 Or App 278, 111 P3d 1146, *rev den*, 339 Or 544 (2005), the state remonstrates that a conviction under ORS 811.265 does not require that it prove that defendant received the citation and, therefore, the court properly denied defendant's motion to dismiss.

We review a trial court's denial of a motion to dismiss for errors of law. *State v. Ritchie*, 306 Or App 622, 623, 475 P3d 903 (2020), *rev den*, 367 Or 709 (2021). As explained

below, we conclude that the trial court did not err in denying defendant's motion to dismiss.

We begin with the text of ORS 811.265, which provides, in part:

"(1) A person commits the offense of driver failure to obey a traffic control device if the person drives a vehicle and the person does any of the following:

"(a) Fails to obey the directions of any traffic control device.

"(b) Fails to obey any specific traffic control device described in ORS 811.260 in the manner required by that section."

The legislature authorized the issuance of traffic citations for violations of ORS 811.265 based on photographs from traffic cameras when it enacted ORS 810.436. The photo red light statute provides, in part:

"(1) Notwithstanding any other provision of law, if a city chooses to operate a camera that complies with this section and ORS 810.434, a citation for violation of ORS 811.265 may be issued on the basis of photographs from a camera taken without the presence of a police officer if the following conditions are met:

"* * * * *

"(d) The citation is mailed to the registered owner of the vehicle, or to the driver if identifiable, within 10 business days of the alleged violation."

ORS 810.436.

As evidenced by the plain language of those statutes, ORS 811.265 does not include as an element of the offense a proof of service requirement that the state must prove. We recognize, however, that service of the citation is mandated by ORS 810.436. At issue, then, is when and how a defendant may properly challenge lack of service of the citation as required by ORS 810.436. We answered that question in *King*, which raised a similar challenge to the framework for photo radar tickets under ORS 810.439.

In *King*, the defendant was issued a speeding citation based on a photo radar device under ORS 810.439. 199

Or App at 280. ORS 810.439(1)(a) sets out the conditions that must be met for a citation to be issued, which includes a requirement that the notice be "mailed to the registered owner of the vehicle within six business days of the alleged violation." ORS 810.439(1)(a)(E). The defendant contended that the trial court erred in denying his motion for judgment of acquittal because the state failed to produce evidence proving that the citation was ever mailed to him. *King*, 199 Or App at 283. Analyzing ORS 810.439, we concluded that the conditions listed in subsection (1)(a) are conditions precedent for the issuance of a citation. *Id*. at 284. We explained that, although the conditions are ones that must be met before the citation is issued, the conditions themselves are not added elements that the state must prove for the statutory violation for speeding. *Id*. Accordingly, we concluded that "the appropriate time to challenge the existence of the conditions precedent to the issuance of the citation is in a pretrial motion aimed at the efficacy of the charging instrument." *Id*. at 285. We have also reaffirmed that holding in *State v. Daly*, 275 Or App 1012, 1019, 365 P3d 1177 (2015) (adhering to *King* and concluding that the trial court erred in denying the defendant's motion as premature).

We apply that same reasoning to defendant's challenge in this case. Similar to ORS 810.439(1), which sets out the conditions required for issuance of citations based on photo radar, ORS 810.436(1) sets out the conditions required for issuance of citations based on traffic camera photographs. *See also State v. Jackson*, 318 Or App 370, 373, 507 P3d 727 (2022) (explaining that the conditions set out in ORS 810.420 are conditions precedent for the issuance of a citation using a speed measurement device, and thus, the proper time to challenge the existence of those conditions is before trial).[1] Accordingly, as we did with ORS 810.439(1), we conclude that ORS 810.436(1) sets out conditions precedent for the issuance of a citation, and the appropriate way to challenge the existence of those conditions is with a pretrial motion.

---

[1] In *Jackson*, after acknowledging the holdings of *King* and *Daly*, we addressed the merits of the defendant's argument because the parties litigated the issue at trial and the state did not contend that it was prejudiced by the defendant's failure to raise the issue pretrial. *See* 318 Or App at 374. As we have noted, neither of those circumstances exist in this case.

Here, defendant failed to raise the proof of service issue prior to trial. During pretrial discussions with the officer, defendant explained that she was not able to consult with her attorney, but twice declined the option to set over the trial until a later time. Thus, although it appears that defendant believed that she would be able to challenge her citation for violation of ORS 811.265 during the trial by arguing that she was never served with the citation, that belief runs contrary to how that type of challenge must be raised. Further, although defendant also contends that she raised the issue of lack of service in discussions with the officer prior to the start of trial and in her motion to set aside the default judgment, neither of those methods sufficiently alerted the trial court before trial began that she was challenging having received proper notice of the citation. First, defendant did not tell the trial court about the content of her discussions with the officer when the court asked her if she wanted a setover. Second, her motion to set aside the default judgment was granted, which is why the case was set for trial. In both instances, the trial judge did not have any information before it that suggested that defendant was attempting to raise a motion to dismiss pretrial. Thus, when defendant raised the notice issue during her testimony, the court did not err by declining to address that argument because it was not made pretrial as *King* and *Daly* have held in a similar context. That is, although the trial court could have addressed the argument, especially considering that defendant was acting without an attorney and assuming that the parties had an opportunity to develop an appropriate record, the trial court was not required to do so.

In sum, because the conditions in ORS 810.436(1) are not elements of the statutory violation—but are instead conditions precedent to the issuance of a citation—we conclude that the trial court did not err in denying defendant's motion to dismiss.

Affirmed.